544 So.2d 695 (1989)
Rita L. TRAHAN, Individually, and in her Capacity as Natural Tutrix of Blake A. Trahan and Joseph R. Trahan, Plaintiffs-Appellants,
v.
Bobby W. THOMAS, Gator Industries, Inc., and Chicago Insurance Company, Defendants-Appellees.
No. 88-214.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*696 Peter C. Piccione, Jr., Lafayette, Anatole J. Plaisance, Baton Rouge, Speedy O. Long, Trout, for plaintiffs/appellants.
Cooper, Ortego, Calvin E. Woodruff, Jr., Scott Frazier, Abbeville, Blue, Williams & Buckley, John V. Baus, Jr., Metairie, Hammett, Leake & Hammett, Kevin O'Bryan, Charles L. Heuer, New Orleans, Davidson, Meaux, Richard C. Meaux, John E. McElligott, Jeansonne, Briney, Patrick J. Briney, Lafayette, Hennigan, Walters, and Walter E. Dorroh, Jena, for defendants/appellees.
Before GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff, Rita L. Trahan, was injured in an automobile accident on November 3, 1982. She filed a petition for damages against the driver of the other vehicle, Bobby W. Thomas, his employer, Gator Industries, Inc. (Gator), and their primary insurer, State Farm Mutual Automobile Insurance Company (State Farm). She subsequently added Chicago Insurance Company (Chicago), Gator's excess insurer, as a defendant. In 1987, Mrs. Trahan supplemented and amended her original petition to state claims by her husband and minor son for loss of consortium. The trial court rendered judgment in favor of the defendants, finding that the total damages sustained by plaintiffs were not sufficient to reach Chicago's threshold of exposure. From this determination plaintiffs have appealed and defendants have answered the appeal. We affirm.
Mrs. Trahan initially filed this suit for damages on October 31, 1983. In the interests of judicial economy, this suit was consolidated with two others. However, before coming to trial, Mrs. Trahan settled the suits arising out of the other accidents. On August 22, 1985, Mrs. Trahan entered into a partial settlement with Thomas, State Farm and Gator. The parties filed a "Joint Motion and Order of Dismissal" which was signed by the trial judge. In this instrument, Mrs. Trahan expressed her desire to dismiss her suit with full prejudice against Thomas, Gator and State Farm "provided, however, that all rights are hereby reserved against said BOBBY W. THOMAS and GATOR INDUSTRIES, INC., insofar as they are solidarily liable with any insurer other than STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY." On March 24, 1987, by supplemental and amending petition, Mr. Trahan added a claim for loss of consortium and Mrs. Trahan sued in her capacity as tutrix of her minor child, Blake A. Trahan, for the child's loss of consortium. Defendants filed an exception of prescription, urging that the supplemental and amending *697 petition was filed more than one year after the November 3, 1982, automobile accident and, that therefore, the claim had prescribed. The trial court overruled the exception of prescription and permitted the relation back of the supplemental and amending petition to the originally filed petition.
Plaintiffs proceeded to trial against Chicago, Gator and Thomas on July 8, 1987.[1] After reviewing all of the evidence regarding causation and quantum of plaintiffs' alleged injuries, the trial court found defendant, Bobby Thomas, entirely responsible for the accident. It determined that the total damage award to all plaintiffs was $286,100.00 and that this amount was insufficient to trigger liability under Chicago's excess insurance policy.[2] Accordingly, the trial court rendered judgment on August 25, 1987, dismissing plaintiffs' claims with prejudice and assessing costs to Chicago. On August 28, 1987, plaintiffs filed a Motion for a New Trial or Alternately for Re-hearing on Damages. On September 3, 1987, Chicago filed a Motion to Amend Judgment or Alternately For New Trial, in which it asked that plaintiffs be assessed with costs. In its judgment of November 6, 1987, the trial court decreed that the original judgment would stand as rendered except to assess plaintiffs with all court costs.

FACTS
This accident occurred on November 3, 1982, around 5:30 p.m., on La. 1111, at its intersection with Interstate 10. Defendant, Bobby Thomas, driving a Chevrolet Impala owned by Gator, noticed his ex-wife riding as a passenger in the plaintiff's (Mrs. Trahan's) vehicle. He attempted to catch up with and stop the plaintiff in order to discuss his visitation rights with his ex-wife. As the plaintiff slowed down to turn onto the I-10 ramp, she was hit from behind by the defendant's vehicle. Upon impact, plaintiff was thrown forward and struck her head against the steering wheel. Her automobile was pushed into a ditch approximately 100 feet from the point of the collision. The investigating officer, Louisiana State Trooper Thomas A. Chisolm, estimated defendant's speed at about twenty-five miles per hour, and plaintiff's speed at about twenty miles per hour when the accident occurred.

MEDICAL TESTIMONY
The trial court found that the November 3, 1982 accident was caused solely by the negligence of Bobby Thomas. It further found that the accident caused an aggravation of plaintiff's pre-existing cervical sprain and caused a left low back ligamentous sprain and severe headaches. The precise facts of the accident and the issue of fault have not been appealed. Rather, the plaintiffs contend that the trial court erred when it failed to find that Rita Trahan had suffered a brain injury as a result of the accident. They argue that the trial court's damage award is so inadequate as to constitute an abuse of discretion. They seek an increase in the amount awarded in order to reach Chicago's excess insurance coverage. After carefully reviewing the record, we cannot say that the trial court abused its discretion in the instant case. In its written reasons, the trial court thoroughly reviewed the medical testimony relevant to this case. It stated:
"She [the plaintiff] was taken by ambulance to the American Legion Hospital emergency room in Crowley, complaining of headaches and pain in the left hip and neck. Dr. Callender, the emergency room physician, diagnosed the injuries as musculoskeletal pain in the left hip and neck, due to an automobile accident. He felt that the headaches and nausea she was experiencing related more to her cervical strain than a concussion. He noted no visible trauma to the head. Since the accident, Mrs. Trahan has suffered from recurring severe headaches, *698 low back pain radiating into the hip, cervical pain, and increased forgetfulness.
One difficult feature of this case is that Mrs. Trahan is a woman plagued by bad luck. During the period between 1971 and 1983, Mrs. Trahan was involved in eleven (11) accidents. Some of these previous accidents involved injury to the low back and/or the neck. However, each time Mrs. Trahan recovered from the accident and returned to work within a short period of time.
Beginning in September 1982, Mrs. Trahan began a downward spiral due to the successive accidents involved in the consolidated suits. On September 3rd, 1982, Mrs. Trahan sustained an electric shock injury while cleaning out a refrigerator as a dietary worker for Lafayette General Medical Center. Before fully recovering from the electric shock, the rear-end collision at issue here occurred on November 3rd, 1982. Subsequently, on April 7th, 1983, Mrs. Trahan was rear-ended again on Foreman Drive.
Following the accident in November, Mrs. Trahan was treated by several physicians. On November 15th, 1983 [1982] Dr. Bernard, her family physician, felt Mrs. Trahan should not return to work because of the spasms in her neck and back (Mrs. Trahan had not been working since the electric shock accident). In January 1983, Dr. Anseman, a specialist in physical medicine and rehabilitation, diagnosed Mrs. Trahan's problem as an unresolved left low back ligament strain, and a flare-up in the cervical strain caused by the electric shock. He treated Mrs. Trahan with steroid injections, but found no evidence of a disc problem. The electromylogram (EMG) test on her neck was normal, showing no damaged or pinched nerves in the neck or left arm. By March 8th, 1983 Dr. Anseman felt the low back injury had improved with physical therapy, and was essentially resolved.[3]
Dr. Jackson, an orthopedic surgeon in Texas, performed an examination on March 23, 1983, as requested by plaintiff's attorney. Dr. Jackson felt the electric shock had caused a neck sprain, which was aggravated by the November accident. She also felt the November accident caused a low back sprain, and both disabled Mrs. Trahan. Dr. Jackson distinguished a sprain as being more serious than a strain, in that it involved torn ligaments, swelling and muscle spasms. She noted evidence of nerve root irritation derived from the medical records regarding the electric shock, but felt it was more severe after the accident in question. She also indicated that joints, muscles and nerves once injured are vulnerable to more severe injury.
Two (2) EEGs performed on December 1st, 1982 and February 11th, 1983 indicated a slight abnormality (a "slowing") on the left front temporal lobe. Both clinical psychologists who testified, as well as Dr. Dunlap, indicated that the abnormal EEG was probably caused by significant trauma. None were able to determine what caused the organic brain pathology. Dr. Leoni, a neurosurgeon, felt that the slowing was probably a result of her medications and trauma."

QUANTUM
After thoroughly reviewing the medical testimony, the trial court did not find that Mrs. Trahan had proved a causal connection between the organic brain pathology and the November 3rd accident. However, it did find that Mrs. Trahan's depression and frustration with daily life were intensified because of her organic brain impairment. The trial court awarded the plaintiff the following damages:

Past and future pain and suffering $ 60,000.00
Past and future medical expenses $ 15,000.00
Loss of earnings and permanent disability $166,100.00
 ___________
TOTAL DAMAGESMRS. TRAHAN $241,100.00

Additionally, the trial court awarded Mr. Trahan $10,000.00 and Blake Trahan $35,000.00 respectively for loss of consortium. Plaintiffs contend these awards are so low *699 as to constitute an abuse of discretion. We disagree. The standard of appellate review of a trial court's quantum award is well established. The reviewing court should not disturb the trier's award, absent an initial determination that the trial court's very great discretion in the award of general damages has been abused. In determining whether the trial court has abused its discretion in determining the amount of the award, the appellate court must look first, not to prior awards, but to the individual circumstances of the case before it. Reck v. Stevens, 373 So.2d 498 (La.1979).
After carefully examining the record and the trial court's analysis of the testimony, we cannot say that the trial court abused its great discretion in not awarding greater damages for brain injury to Rita Trahan. Nor can we say that the awards for loss of consortium constitute an abuse of discretion. After hearing all the evidence, the trial court found that the accident in question did not cause the actual separation between Mr. and Mrs. Trahan. However, it did find that Mrs. Trahan's physical infirmities put a strain on the marriage. For example, after the accident, the couple ceased having sexual relations. The trial court also gave particular consideration to the fact that Mrs. Trahan's son, Blake, was born physically and mentally disabled. As the result of his debilitating nerve condition, he relies almost totally on Mrs. Trahan for his special needs, as he is unable to walk, dress, or get out of his wheelchair unassisted. Thus, we find that these awards were properly within the trial court's discretion.

TRIAL COURT DETERMINATION
The trial court's judgment signed on August 25, 1987 states:
"When, after reviewing the pleadings, law and evidence, the court having determined that plaintiff Rita L. Trahan sustained total damages of $241,100.00, plaintiff Blake Trahan sustained damages of $35,000.00, and plaintiff Joseph Ray Trahan having sustained damages of $10,000.00, and further having found that liability of the defendants cannot attach until total damages exceed a sum larger than those determined to have occurred (pursuant to previous settlement stipulation), and for written reasons assigned on the 17th day of July, 1987, the court being of the opinion that the law and evidence are in favor of defendants...."
We find that the total damage award made to the plaintiffs by the trial court is correct. As the plaintiffs did not prove injuries sufficient to reach Chicago's threshold of exposure, the trial court properly dismissed all claims against that defendant.
Plaintiffs also contend that the trial court erred in dismissing the amended loss of consortium claims of Joseph and Blake Trahan filed on March 27, 1987, as these claims relate back to the filing of the original petition. They argue that Joseph and Blake never released any of the defendants since these plaintiffs were not parties to Rita Trahan's partial settlement. We disagree. The settlement agreement of August 22, 1985, dismissed with prejudice Rita Trahan's rights against Thomas, Gator and State Farm except insofar as they were solidarily liable with any insurer other then State Farm. Thus, after the settlement agreement, there was no longer an original claim against these defendants (unless solidary liability with another insurer was found), and therefore, there was nothing to which the amended loss of consortium claims could relate back to. Accordingly, we find that the trial court correctly dismissed all of the plaintiffs' claims. However, we find that the trial court erred insofar as it overruled the exception of prescription filed by defendants and allowed the amended loss of consortium claims of Joseph and Blake Trahan to relate back to the filing of the original petition.
Finally, plaintiffs contend that the trial court erred in assessing them with all court costs. Although a trial court has discretion in assessing court costs, such costs are generally assessed against the losing party. LSA-C.C.P. art. 1920. Harper v. Boudreaux, 496 So.2d 439 (La.App. *700 1st Cir.1986). In the instant case, the trial court did not abuse its discretion in assessing all costs against plaintiffs.
For the foregoing reasons, the judgment of the trial court overruling the exception of prescription is reversed and the amended loss of consortium claims of Joseph and Blake Trahan are dismissed. In all other respects, the judgment of the trial court rendered in favor of the defendants is affirmed. All costs of appeal are taxed to the plaintiffs.
AFFIRMED.
NOTES
[1] Immediately prior to the commencement of trial, plaintiffs moved to dismiss State Farm as a defendant in this suit.
[2] Our review of Chicago's policy indicates that effective August 4, 1982, Chicago's underlying limits were $500,000.00.
[3] For the sake of completeness, we note that Mrs. Trahan experienced a relapse of low back and neck pain when she saw Dr. Anseman again on March 31, 1983.