649 So.2d 1148 (1995)
Jimmie B. GUINN, et al., Plaintiffs-Appellees
v.
RAPIDES PARISH POLICE JURY, Defendant-Appellant.
No. 94-980.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*1149 Guy E. Humphries Jr., Alexandria, for Jimmie B. Guinn et ux.
Robert Lewis Bussey, Asst. Dist. Atty., for Rapides Parish Police Jury, et al.
Before DOUCET, C.J., and THIBODEAUX and SULLIVAN, JJ.
THIBODEAUX, Judge.
Defendant-appellant, the Rapides Parish Police Jury, appeals the trial court's judgment in favor of plaintiffs, Jimmie and Ava Guinn. After a bench trial, the trial court determined that the Police Jury failed to place spoil from a drainage project on the plaintiffs' property as contemplated by the contract between the parties. It awarded damages of $75,000.00 and $8,000.00 in attorney's fees.
For the following reasons, we affirm the trial court's judgment on liability, amend the damage award to $154,333.00 and reverse the award of attorney's fees.

I.

ISSUES
The Rapides Parish Police Jury raises six assignments of error which can be condensed into the following issues:
1) whether the trial court properly interpreted the contract between the Rapides Parish Police Jury and the Guinns;
2) whether the trial court erred in not allowing defense exhibits, proffers number one, two, and three as well as the testimony concerning those documents; and,
3) whether the trial court erred in granting attorney's fees when the contract did not provide for fees.

II.

FACTS
On April 22, 1974, the Guinns entered into a contract with the Rapides Parish Police Jury through their attorney, Gus Voltz. The Guinns granted the parish permission to dredge a drainage canal that runs along the southern boundary of their property. The right of way was necessary for construction, maintenance, and improvement of drainage facilities along the channel of Flat Bayou.
The contract stated the consideration for the grant was "the expectation of benefits to said property as a result of the drainage improvement program." The agreement also provided, "In Section 77, where possible, spoil will be placed on grantor's property so as to form a levee so that the drainage water will not flood onto grantor's property."
The sole issue at trial was whether the Police Jury breached its agreement by not placing the spoil in Section 77 on the Guinns' property. The spoil in this section was placed on the opposite bank on the Eskew property. As a result, the Guinns' property now floods in heavy rains, and the ponds on *1150 their property, previously stocked with game and fish, are now mudholes. The trial judge found the Police Jury breached its contractual agreement. The Police Jury appeals, alleging several assignments of error. The Guinns answered the appeal, requesting an increase in the damages awarded and the assessment of costs to the appellant.

III.

LAW & ANALYSIS

A. Liability
The correct interpretation of a contract requires a determination of the intent of the parties. La.Civ.Code art. 2045. Where the language of the contract is clear and unambiguous and leads to no absurd consequences, no further search for the parties' intent should be made. La.Civ.Code art. 2046. Where words or provisions in the contract are susceptible to more than one meaning, the meaning given must be that which renders the contract effective and best reflects the object of its makers. La.Civ. Code arts. 2048, 2049. However, if the meaning of a provision is doubtful, the interpretation must be made in accordance with the nature of the contract, equity, usages, the parties' conduct prior and subsequent to the formation of the contract, and according to other contracts of a like nature between the same parties. La.Civ.Code art. 2053. Breach of an obligation gives the obligee the right to recover damages for the obligor's failure to perform, or his defective or delayed performance. La.Civ.Code art. 1758.
Because the spoil was not placed to form a levee, the Guinns' property flooded when the canal water rose above normal. As the trial court stated, the Guinns also lost fish and wildlife in their ponds after the floods. When the flooding subsided, their ponds drained and became mudholes.
The trial court found the Police Jury failed to comply with the terms of the agreement and was liable to the Guinns for their losses from the jury's noncompliance. It noted losses from noncompliance include the cost of repairing any defects or of completing the work. It found the Guinns were entitled to the cost of forming a levee, and awarded $75,000.00 and $8,000.00 for attorney's fees.
We agree with the result reached by the trial judge, but for different reasons. He found liability on the basis of La.Civ.Code art. 2769, which addresses a contractor's liability for noncompliance with a contract. In the present case, we find the contract can be interpreted solely on the face of the document.
Mr. Guinn granted the Police Jury a right of way on his property. In the contract, Mr. Guinn stated his consideration for the grant was his expectation of benefits to his property as a result of the drainage project. He specifically requested the placement of spoil in Section 77 to prevent his home and his property from flooding. The Police Jury breached its contractual agreement, and therefore, is liable for the damages caused by their breach.
The Police Jury argues the trial judge erred by basing his decision on his finding that a principal-agent relationship existed between the Police Jury and their contractor. We do not agree. The trial judge based his decision on contractual principles. The trial judge did note the Police Jury, through its agent and contractor, Holloway Construction Company, did not comply with the contract terms. However, this statement is not the basis for the trial court's decision. The Police Jury incurred the obligation to fulfill the terms of the right of way agreement.
The Police Jury complains the trial judge erred by not allowing proffered evidence which would have established the lack of legal relationship between the Police Jury and the contractor, Wendell Johnson. The Police Jury also asserts the proffered evidence would have shown the State of Louisiana controlled the actions of the contractor on the Flat Bayou project, and the Police Jury was a mere sponsor for the project. The Police Jury's third proffer consists of survey maps which the jury asserts would have shown whether placement of the spoil on the Guinns' property was possible and whether the Guinns' property would have flooded in spite of the requested placement of spoil.
*1151 The trial judge, of course, is granted broad discretion in conducting a trial and in determining whether to receive or refuse testimony and evidence. Ware v. Medical Protective Insurance Co., 621 So.2d 54 (La. App.2d Cir.), writ denied, 629 So.2d 354 (1993). An appellate court must place great weight on the trial judge's ruling of relevancy of evidence and should not reverse such a ruling in the absence of a clear abuse of discretion. Krampe v. Krampe, 625 So.2d 383 (La.App. 3rd Cir.1993), writ denied, 630 So.2d 781 (1994).
After reviewing the proffered evidence, we find no abuse of the trial judge's discretion by his refusal to consider this evidence. The proffered testimony and evidence addresses whether a contractual relationship existed between the Police Jury and the contractor for the project. However, the right of way agreement creates a relationship between the Police Jury and Jimmie Guinn. Any subsequent relationship between the Police Jury and contractors or the State of Louisiana is not at issue under the terms of this contract.
Ample evidence in the record establishes the spoil could have been placed on the Guinns' property, with the right equipment. Sidney Berto and Johnny Michiels, two of defendant's experts, testified the spoil could not be placed on the Guinns' property with the equipment used for the project. Cecil Raggio, Public Works Director for the Police Jury, testified it was possible to place the spoil on the Guinns' side with the proper equipment. The trial judge fully considered the facts and the contract terms to determine whether it was possible to place the spoil on the Guinns' property. This was not offered in proffer, as the Police Jury asserts.

B. Damages
The trial judge awarded $75,000.00 for the cost of building a levee. The plaintiff's expert testimony established the cost of building the levee between $154,333.00 to $178,225.00. The defendant did not offer any contradictory evidence.
In evaluating evidence, the trier of fact should accept as true the uncontradicted testimony of a plaintiff's witness, absent a sound reason for its rejection. Provost v. Provost, 617 So.2d 1267 (La.App. 3d Cir. 1993). Uncontradicted expert testimony regarding underlying facts is not binding on the court, but may not be lightly disregarded by the judge. Matthias v. Brown, 551 So.2d 821 (La.App. 3d Cir.1989), writ denied, 556 So.2d 1263 (1990).
We find an award of $154,333.00 for the Guinns' levee is supported by testimony in the record. The defendant did not offer any contradictory evidence about the cost of the levee. They merely argued that placing the spoil on the Guinns' property would not have stopped the flooding problem. They also argued the estimated amount of spoil would not have created an effective levee. These arguments do not address the terms of the original agreement and whether those terms were fulfilled.

C. Attorney's Fees
We do find error in the trial judge's award of attorney's fees. It is well settled that attorney's fees awards are only available when authorized by statute or by contract. Taylor v. Dowden, 563 So.2d 1294 (La.App. 3d Cir.), writ denied, 568 So.2d 1057 (1990); Blackie's Rental Tool & Supply Co., Inc. v. Vanway, 563 So.2d 350 (La.App. 3d Cir.1990). Because the contract does not provide for attorney's fees, and there is no statutory authority for such an award, we must reverse this portion of the trial court's judgment.

DECREE
The judgment of the trial court is amended and affirmed in part, as amended and also reversed in part. For the reasons above, we affirm the trial court's finding that the Police Jury breached its contract with the Guinns. We amend the damages award to $154,333.00, and reverse the award for attorney's fees. All costs of the appeal are assessed to the Rapides Parish Police Jury.
AMENDED AND AFFIRMED IN PART, AS AMENDED; REVERSED IN PART; AND RENDERED.