685 So.2d 656 (1996)
COTT INDEX COMPANY, Plaintiff-Appellant
v.
Charles JAGNEAUX, Clerk, et al, Defendants-Appellees.
No. 96-860.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1996.
*657 Michael Francis Thompson, Lafayette and Daniel F. Ryan, Columbus, OH, for Cott Index Company.
G. Douglas Dean, Opelousas, for Charles Jagneaux, Clerk et al.
I. Jackson Burson, Jr., Eunice, for St. Landry Parish Police Jury.
Before SAUNDERS, PETERS and GREMILLION, JJ.
GREMILLION, Judge.
The plaintiff, Cott Index Company, appeals the trial court's judgment dismissing its claims against both defendants, Charles Jagneaux, Clerk of Court, and the St. Landry Parish Police Jury, for breach of contract. The trial court further held for Cott Index against Jagneaux, awarding it damages for unjust enrichment. We affirm and amend.

FACTS
On June 11, 1991, Cott Index entered into two contracts with Patti Hebert Kempf, then the Clerk of Court for St. Landry Parish. The contracts provided for the lease of computer equipment and for a software licensing agreement for a term of four years. The monthly payments under these contracts equaled $5,164.00. Jagneaux subsequently defeated Kempf in the next election for Clerk of Court and, on July 1, 1992, he took office as the Clerk of Court of St. Landry Parish.
Prior to taking office, Jagneaux wrote Cott Index, informing it of his election as Clerk of Court and requesting the submission of proposals concerning the continued use of the leased equipment and software by the Clerk of Court's Office. When Cott Index failed to submit a concrete proposal, Jagneaux instructed it to remove its equipment from the Clerk of Court's office. As a result of Jagneaux's failure to honor the existing contracts, Cott Index filed suit against both him and the Police Jury, seeking damages for breach of contract or unjust enrichment.
A trial on the merits was held on September 7, 1995, after which the trial court took the matter under advisement. Reasons for judgment were rendered on September 21, 1995, in which the trial court requested additional memoranda on the issue of unjust enrichment. Thereafter, supplemental reasons for judgment were issued on October 16, 1995. In a judgment rendered on January 18, 1996, the trial court awarded Cott Index damages as a result of Jagneaux being unjustly enriched by the use of Cott Index's equipment for one month. The amount awarded was $5,164.00, one month's rental of the equipment. The trial court dismissed all other claims against Jagneaux and all claims against the Police Jury. The costs of the matter were assessed against Cott Index. Cott Index appeals this judgment.

ISSUES
On appeal, Cott Index presents five issues for review:
1) Is a clerk of court restricted from entering into contracts which (a) are for longer than the present fiscal year, and, (b) binding upon a successor clerk of court?
2) When contracting for mandated expenses to be paid by the Parish Police Jury, does a clerk of court act in an agency relationship to the Police Jury?
3) Does the acceptance of a clerk of court's budget, although not fully funded, and the subsequent specified reimbursement of invoices for mandated expenses constitute a ratification of a clerk's contract for the mandated expenses?
4) May a clerk of court lawfully withhold from a trial court's consideration, a memorandum timely filed pursuant to court order *658 on the basis of non-payment of incurred, but unbilled costs?
5) Does a court abuse its discretion by wholly taxing costs against a partially prevailing plaintiff?

ISSUE NUMBER ONE
In its first assignment of error, Cott Index argues that contracts entered into by a clerk of court are binding upon the successor to the office. It claims that the case of City of New Orleans v. Liquidators of Louisiana National Bank, 123 La. 654, 49 So. 274 (1909) is controlling. In City of New Orleans, the court affirmed the decision of the trial court, who stated that the contracts of a political entity in Louisiana, as to their duration, are regulated by their own terms. The trial court reasoned that such contracts are wholly disconnected from the individuals who hold the office and that those contracts exist and endure, or expire, as they may have been contracted, without consideration of the person occupying the position.
In the instant case, the trial court rejected that argument and in its reasons for judgment held that Kempf could only bind herself and her office for contracts covering each individual fiscal year during her term, unless she utilized La.R.S. 38:2319 et seq., the Local Government Equipment-Lease Purchase Act. Since Kempf failed to utilize the statute, the trial court held that Jagneaux was not liable under the two contracts.
The standard of review on a question of law was laid out in Ducote v. City of Alexandria, 95-1269, p. 2 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118, 1120:
Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect. Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir.1992). If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Although we uphold the outcome of the trial court's judgment, we find that the trial court's decision was based on an erroneous application of the law. For the following reasons, we find that the contracts executed by Kempf were not binding on Jagneaux.
While we agree with the trial court's statements in City of New Orleans, Cott Index overlooks an important distinction between the cited case and the case at hand. City of New Orleans, 49 So. 274, deals with a city as a political subdivision, while the case sub judice deals with a clerk of court. We agree that a city can contract with others as well as sue or be sued, however, a clerk of court is a political entity which is incapable of suing and being sued. In Riley v. Evangeline Parish Police Jury, 630 So.2d 1314, 1320 (La.App. 3 Cir.1993), writ granted and reversed on other grounds, 94-0202 (La.4/4/94); 637 So.2d 395, the court held that the Evangeline Parish Sheriff's Department had no legal status, that it was merely a "functional organization by and through which a sheriff carries out his official and routine duties." See also Liberty Mut. Ins. Co. v. Grant Parish, Etc., 350 So.2d 236 (La.App. 3 Cir.), writ denied, 352 So.2d 235 (La.1977).
The office of the clerk of court is similar to the office of the sheriff in that it is an office operated by an elected official who derives his/her authority from the Louisiana Constitution. (Sheriff-La. Const. art. V, § 27; Clerk-La. Const. art. V, § 28.) The office of the clerk of court has no legal status and is simply the functional organization by and through which the clerk of court carries out his/her official duties. As with the office of the sheriff, it is not sui juris, it does not have the capacity to enter into contracts, nor can it be a legal party to litigation. Instead, it is the clerk, as the office holder, who enters into contracts and who is the party to litigation. Extrapolating from this, we find that Cott Index contracted with Kempf as the office holder and not with the St. Landry Parish Clerk of Court's Office. Since Cott *659 Index contracted with Kempf as the Clerk of Court, the terms of the contract were not binding upon Jagneaux as the Clerk of Court. To hold otherwise would allow an unscrupulous out-going office holder to bind the incoming office holder thereby undermining the will of the people.
Having reached this result, we shall not address the issue of whether a clerk can contract for longer than the present fiscal year, nor the issue of whether the Local Government Equipment-Lease Purchase Act is applicable to the present case. This assignment of error is dismissed.

ASSIGNMENT OF ERROR NUMBER TWO
In its second assignment of error, Cott Index argues that the Police Jury tacitly ratified the contracts executed by Kempf. It alleges that since the Police Jury is mandated to provide the Clerk with equipment, pursuant to La.R.S. 13:784,[1] the clerk acts as an agent of the Police Jury when it enters into a contract for the purchase of the equipment. We find no merit in this argument.
In its reasons for judgment, the trial court held that there was no contract between the Police Jury and Cott Index and no evidence to prove that Kempf acted as the Police Jury's representative when she signed the two contracts. The trial court further held that Cott Index did not have the right to enforce the obligation owed by the Police Jury to the Clerk of Court, under La.R.S. 33:4713[2] and La.R.S. 13:784, to supply the Clerk of Court with equipment and services. Finally, the trial court held that the Police Jury did not tacitly ratify the two contracts since it did not accept any benefits flowing from them.
Police juries are creatures and subordinate political subdivisions of the state, possessing only those powers conferred upon them by the State's constitution and statutes, unless the parish has adopted a home rule charter or has been empowered with the right to exercise any power not denied by its charter or by state law. Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La. 1979). Either way, police juries execute their powers through the passage of local ordinances and resolutions. State v. Haltom, 462 So.2d 662 (La.App. 1 Cir.1984). A police jury can not be bound absent its consent or authority. Guillory v. Calcasieu Parish Police Jury, 410 So.2d 1213 (La.App. 3 Cir. 1982). "A police jury may not contract outside of the authority of an enabling resolution or ordinance properly passed before that body." Dobson v. Parish of East Baton Rouge, 298 So.2d 110, 114 (La.App. 1 Cir.), writ denied, 302 So.2d 24 (La.1974).
Kempf testified that she never informed the Police Jury that she was entering into a contract with Cott Index, nor did she present the contract to the Police Jury and ask that it pass a resolution approving the contract. She stated that the Clerk's office paid the monthly statement from Cott Index and then sought reimbursement from the Police Jury. The Police Jury had budgeted her office a certain amount and paid the statements submitted by her up to that amount. Thus, it did not pay specific invoice requests, but rather paid specific dollar amounts. The Police Jury never questioned her as to whether the amount she was seeking was for an item submitted in her annual budget.
Andrea L. West, the treasurer for the Police Jury, stated that Kempf as the Clerk of Court never requested approval from the Police Jury for a contract entered into by her. West testified that Kempf customarily requested reimbursement of a specific dollar amount, which the Police Jury paid up to the amount budgeted to the Clerk of Court's office for that fiscal year. The Police Jury did not pay specific invoices submitted by the *660 Clerk of Court, it simply paid the specific dollar amount requested. Further, Donald Sibille, a member of the Police Jury and the budget chairman for 1990, 1991, and 1992, testified that the contract between Kempf and Cott Index was never submitted to the Police Jury for ratification.
After reviewing the record, we find no evidence that the Police Jury passed either an ordinance or resolution ratifying the contracts between Clerk of Court Kempf and Cott Index. We find that this assignment of error is without merit and affirm the judgment of the trial court on this issue.

ASSIGNMENT OF ERROR NUMBER THREE
In its third assignment of error, Cott Index argues that the trial court erred by not allowing proffered testimony which would have established the accepted manner used by the Clerk of Court in contracting for mandated expenses. We disagree.
A trial court is granted broad discretion in conducting a trial and in determining whether to receive or refuse testimony and evidence. Guinn v. Rapides Parish Police Jury, 94-980 (La.App. 3 Cir. 2/1/95); 649 So.2d 1148; La.Code Civ.P. art. 1631. "An appellate court must place great weight on the trial judge's ruling of relevancy of evidence and should not reverse such a ruling in the absence of a clear abuse of discretion." Id. at 1151.
In this instance, no abuse of discretion was committed by the trial court in refusing to hear the proffered testimony. Cott Index proffered the testimony of Jagneaux to show that his manner of contracting, as Clerk of Court, differed little from that of Kempf, the prior Clerk of Court. La.Code Evid. art. 401 defines "relevant evidence" as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence which is not relevant is not admissible. La.Code Evid. art. 402. We agree with the trial court that Jagneaux's manner of contracting was irrelevant to the issue at hand. "Evidence must have some probative value and be reasonably connected to the transaction in question." Dubois v. State Through Department of Public Safety, 466 So.2d 1381, 1386 (La.App. 3 Cir.1985). We find that the testimony proffered by Cott Index had little probative value to show how Kempf contracted. Any contract entered into by Jagneaux, as Clerk of Court, was irrelevant and not reasonably connected to the contract at issue. This assignment of error is dismissed and the trial court's ruling is affirmed.

ASSIGNMENT OF ERROR NUMBER FOUR
Cott Index's fourth assignment of error asserts that the Clerk of Court unlawfully withheld the filing of its memorandum regarding the issue of unjust enrichment. It further alleges that the trial court erred by not considering the memorandum in reaching its decision on this issue.
In its reasons for judgment, rendered on September 21, 1995, the trial court requested additional memoranda from the parties on the issue of unjust enrichment. In its supplemental reasons for judgment, the trial court notes that an informal extension was granted to the Police Jury and Cott Index, and that both Jagneaux and the Police Jury filed their briefs timely.
Cott Index alleged, in its Motion for New Trial, that Jagneaux refused to file its memorandum due to outstanding court costs. It further alleged that it never received a billing for these costs, that it did not receive a notice, and that its memorandum was held until October 17, 1995, one day after the trial court rendered judgment. Cott Index claims that it had received a copy of its memorandum from the Clerk's office, with a filed stamped verification on October 12, 1995.
We hold that the trial court's failure to consider the memorandum was harmless error because in its Supplemental Reason for Judgment it actually considered the law set forth by Cott Index in its memorandum. The trial court found that Cott Index was not paid for the last month the equipment and software were used by the Kempt administration and awarded it $5,164.00 for unjust enrichment. We agree with the trial court's *661 award. In a quasi-contractual theory of recovery, courts have consistently applied a two-fold limitation to recovery: 1) the plaintiff cannot recover more than the actual value of his services and materials, plus a fair profit; and 2) the plaintiff cannot recover more than the defendant was enriched by the plaintiff's services. Fogleman v. Cajun Bag & Supply Co., 93-1177 (La.App. 3 Cir. 6/15/94); 638 So.2d 706, writ denied, 94-1900 (La.10/28/94); 644 So.2d 375. Since the Clerk of Court's office was only enriched by one month's use of the equipment and software, Cott Index's recovery is limited to one month's rental or $5,164.00.
Having found harmless error in Clerk of Court Jagneaux's refusal to file Cott Index's memorandum, we will not address the issue of whether Jagneaux acted properly or not in that refusal. For the reason set forth above, the judgment of the trial court is affirmed on this assignment of error.

ASSIGNMENT OF ERROR NUMBER FIVE
In its last assignment of error, Cott Index argues that the trial court abused its discretion by casting it with court costs since it prevailed on its claim for unjust enrichment.
Article 1920 of the Louisiana Code of Civil Procedure provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
Although the trial court has great discretion in assessing costs, the general rule is that costs are assessed against the losing party. Trahan v. Thomas, 544 So.2d 695 (La.App. 3 Cir.1989). A trial court's ruling on this issue will not be reversed absent an abuse of discretion. State ex rel. Guste v. Nicholls College Foundation, 592 So.2d 419 (La.App. 1 Cir.1991), writ denied, 593 So.2d 651 (La. 1992).
In this instance, all of the parties prevailed to some extent. Since the trial court gave no reasons for casting only Cott Index with costs, we find that this was an abuse of discretion. We find that an equitable assessment is to cast Jagneaux and Cott Index each with 50% of the costs.

CONCLUSION
For the foregoing reasons, the judgment of the trial court assessing Cott Index Company with court costs is amended to assess 50% of the costs to Cott Index Company and 50% to Charles Jagneaux, Clerk of Court. In all other respects, the judgment of the trial court is affirmed. The costs of this appeal are assessed against Cott Index Company and Charles Jagneaux in the same manner as in the trial court.
AFFIRMED AS AMENDED.
NOTES
[1] La.R.S. 13:784(A) provides that "[u]pon the request of the clerk, the police jury shall provide him with all necessary office furniture, equipment, and record books."
[2] La.R.S. 33:4713 provides [e]ach parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices....