757 So.2d 741 (2000)
Kevin DUGAS, Plaintiff-Appellant,
v.
The CITY OF BREAUX BRIDGE POLICE DEPARTMENT, Defendant-Appellee.
No. 99-1320.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
Writ Denied April 20, 2000.
*742 David Benoit, Breaux Bridge, Louisiana, Counsel for Plaintiff/Appellant.
James L. Pate, Laborde & Neuner, Lafayette, Louisiana, Counsel for Defendant/Appellee.
Before COOKS, SULLIVAN, and GREMILLION, Judges.
GREMILLION, Judge.
The plaintiff, Kevin Dugas, appeals the trial court's granting of summary judgment in favor of the defendant, The City of Breaux Bridge (Breaux Bridge), and the dismissal of his action with prejudice. For the following reasons, we affirm.

FACTS
Dugas, an employee of the Breaux Bridge Department of Public Works (Public Works), was injured when he was attacked by "Rocky," a police dog, temporarily kenneled at the Breaux Bridge water plant. After applying for and receiving workers' compensation benefits, Dugas filed suit against the City of Breaux Bridge Police Department (Police Department) alleging that it is a third person pursuant to the Workers' Compensation Act since it is separate and distinct from Breaux Bridge. Breaux Bridge filed exceptions of no cause of action and no right of action and a motion for summary judgment alleging that Dugas was its employee, thus, his sole remedy was for workers' compensation benefits. Breaux Bridge filed an additional motion for summary judgment arguing the exclusivity provisions of La. R.S. 23:1032, that Dugas was not injured as the result of an intentional act, and that he was acting in the course and scope of his employment at the time of his injury.
Following a hearing on the motion, the trial court granted summary judgment in favor of Breaux Bridge, finding that "Rocky" was not an employee of the Police Department nor was he a third party pursuant to the Workers' Compensation Act. It further held that "Rocky" could not commit an intentional act nor did the housing of the dog in an inadequate kennel constitute an intentional act by the Police Department. Finally, the trial court held that the Police Department was not a separate entity from Breaux Bridge. After a judgment was rendered in this matter, this appeal followed.

ISSUE
On appeal, Dugas argues that the trial court erred in "shielding the City of Breaux Bridge from liability by misinterpreting the exclusivity provision of Louisiana's Workers' Compensation Statute."

SUMMARY JUDGMENT
Summary judgment is now favored and is designed to secure the just, speedy, and inexpensive determination of an action. La.Code Civ.P. art. 966(A)(2). Summary judgment shall be rendered by the trial court if, after considering the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). We review summary judgments de novo, *743 under the same criteria which govern the trial court's consideration of the appropriateness of summary judgment. Tolbert v. Fireman's Fund Ins. Co., 98-637 (La.App. 3 Cir. 10/7/98); 719 So.2d 738.
In Lafayette City Council v. Bowen, 94-584, p. 6 (La.App. 3 Cir. 11/2/94); 649 So.2d 611, 614, writ denied, 94-2940 (La.1/27/95); 650 So.2d 244, this court stated that an entity must qualify as a juridical person before it will be empowered to "independently institute litigation." The same holds true for an entity being sued. A juridical person "is an entity to which the law attributes personality, such as a corporation or a partnership." La.Civ. Code art. 24.
In Roberts v. Sewerage and Water Board, 92-2048 (La.3/21/94); 634 So.2d 341, the supreme court held that the Sewerage and Water Board was a juridical person and, thus, a third person pursuant to the Workers' Compensation Act who was not immune from suit in tort. The plaintiff, a New Orleans police officer, was injured during the course and scope of his employment when his patrol car hit a submerged, open manhole, which was under the control of the defendant. In holding that the Sewerage and Water Board was a separate and distinct entity from the City of New Orleans, the court stated:
Third, while the SWB and the City of New Orleans are closely related, the fact that a political subdivision is closely related to another does not necessarily prevent it from being considered a "third person" for purposes of the workers' compensation act. Local government units such as the SWB are generally treated as separate and distinct public juridical persons or corporations for certain purposes whether they are called that or not. The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.
Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.
Id. at pp. 9-10; 346-47 (citations omitted).
After considering the evidence presented in conjunction with the motion for summary judgment and applying the functional approach laid out in Roberts, we find that the Police Department is not a juridical entity which is separate and distinct from Breaux Bridge. Accordingly, it is not a third person for purposes of the Workers' Compensation Act and Dugas' sole remedy is for workers' compensation benefits against Breaux Bridge.
Breaux Bridge is a Lawrason Act municipality and operates pursuant to a mayor-board of alderman form of government. La.R.S. 33:321 et seq. The mayor of Breaux Bridge is the chief executive officer of the municipality, while the legislative powers of the municipality are vested in the board of aldermen. La.R.S. 33:362. The chief of police, an elected official, is responsible for law enforcement in the municipality and is charged with the enforcement of all local ordinances and applicable state laws. La.R.S. 33:423. La.R.S. 33:423(A) requires the chief of police to "make recommendations to the mayor and board of aldermen for the appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for the dismissal of police personnel."
Although by law the chief of police has plenary power with regard to law enforcement within the municipality and in the operation of his department, the Police Department is dependent on Breaux Bridge in other respects. The Police Department's budget is appropriated by the *744 mayor and the board of aldermen[1] and, pursuant to La.R.S. 33:423, the chief of police may not hire, dismiss, promote, or discipline personnel without the approval of the mayor and board of aldermen. State law is silent on whether the Police Department has the capacity to sue or be sued and no local ordinance was introduced to show that the Police Department is granted this capacity. Rather, La.R.S. 33:361 vests all "powers, rights, privileges, immunities, authorities, and duties" in the municipality and authorizes it to exercise "any power and perform any function necessary, requisite, or proper for the management of its affairs not denied by law."
We would compare the Police Department to the clerk of court's office in Cott Index Co. v. Jagneaux, 96-860 (La.App. 3 Cir. 12/26/96); 685 So.2d 656, writ denied, 97-0254 (La.3/21/97); 691 So.2d 85. In that case, we held that the office of the clerk of court is an office operated by an elected official who derives his/her authority from the Louisiana Constitution. We stated:
The office of the clerk of court has no legal status and is simply the functional organization by and through which the clerk of court carries out his/her official duties. As with the office of the sheriff, it is not sui juris, it does not have the capacity to enter into contracts, nor can it be a legal party to litigation. Instead it is the clerk, as the office holder, who enters into contracts and who is the party to litigation.
Id. at pp. 4-5; 658.
In this instance, the Police Department is an office operated by an elected official, the chief of police, who derives his authority from statute. La.R.S. 33:423. Thus, we find that the Police Department, just as the clerk's office in Cott Index, does not have the legal capacity to be a legal party to litigation.
Moreover, just as in Roberts, 634 So.2d at 348, the facts here lead to the "reasonable hypothesis," i.e., that Breaux Bridge, who appropriates all of the Police Department's budget, provides it with workers' compensation insurance, either through payment of premiums or by being self-insured.[2] Since the Public Works and the Police Department are both divisions of and receive workers' compensation coverage from Breaux Bridge, Breaux Bridge is the real party in interest and, thus, is entitled to tort immunity pursuant to La. R.S. 23:1032.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to the plaintiff-appellant, Kevin Dugas.
AFFIRMED.
NOTES
[1] In his affidavit, Mayor Louis Kern states that, "The Breaux Bridge Police Department has no authority to maintain bank accounts, sign contracts, incur debt, sign checks, invest surplus funds, assess and/or collect taxes, charge fees, establish pension funds, hire attorneys, bring suit in its own name, acquire, hold, expropriate or dispose of real property."
[2] The affidavit of the current mayor, Jack Dale Delhomme, states that Breaux Bridge pays the workers' compensation premiums for both the public Works Department and the Police Department. Although the affidavit is located in the record, it was not introduced into evidence at the hearing on the motion for summary judgment. Thus, the affidavit was not considered by this court in reaching its decision.