Dear Mr. Keller:
We received your request for an opinion on behalf of the Lafayette Parish Clerk of Court's Office. Specifically, you inquire if the present clerk of court is bound by contracts entered into by a previous clerk.
This very same issue was addressed in Cott Index Co. V. Jagneaux,685 So.2d 656 (La.App. 3d Cir. 1996), writ denied, 691 So.2d 85. The plaintiff entered into two lease contracts with the St. Landry Parish Clerk of Court, Patti Kempf. The defendant defeated Kempf and took office as clerk of court during the existence of the two lease contracts. The defendant refused to honor the contracts and the plaintiff filed suit for breach of contract and unjust enrichment. The court ruled as follows:
 The office of the clerk of court has no legal status and is simply the functional organization by and through which the clerk of court carries out his/her official duties. As with the office of the sheriff, it is not sui juris, it does not have the capacity to enter into contracts, nor can it be a legal party to litigation. Instead, it is the clerk, as the office holder, who enters into contracts and who is the party to litigation.
As such, the court held that the defendant was not bound by the terms of the contract entered into by and between the plaintiff and the former clerk of court. In light of the court's decision, it is our opinion that the present clerk of court, Louis Perret, is not bound by contracts entered into by a previous clerk.
We trust this responds to your request. If you have any questions or comments, please contact our office. With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI:TVG:jv