808 So.2d 593 (2001)
J. Norris CANTRELLE, Executor of the Succession of John M. Foret, et al.
v.
Jerald P. BLOCK.
No. 2000 CA 0540.
Court of Appeal of Louisiana, First Circuit.
May 11, 2001.
F. Scott Kaiser, Rebecca B. Crawford, Baton Rouge, for PlaintiffsAppellants J. Norris Cantrelle, Executor of the Succession of John M. Foret, Mary Foret Pierce, and Patti Foret Armand.
Michael P. Mentz, Kurt D. Engelhardt, Metairie, for DefendantAppellee Jerald P. Block.
Before: FOIL, FOGG, and CLAIBORNE,[1] JJ.
FOGG, J.
In this legal malpractice action, the plaintiffs appeal a judgment involuntarily dismissing their legal malpractice action for failure to request service of process upon the defendant within ninety days of filing the petition. For the following reasons, we reverse.
The plaintiffs filed a legal malpractice action against Jerald P. Block on April 27, 1999. Indicated on the petition was a notice to "withhold service" at that time. On July 27, 1999, the defendant moved for involuntary dismissal pursuant to LSA-C.C.P. art. 1672 C. The trial court granted the motion and rendered judgment, dismissing the plaintiffs' lawsuit without prejudice. The plaintiffs appeal.
LSA-C.C.P. art. 1201 C states, in part, that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." LSA-C.C.P. art. 1672 C states:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within *594 the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
On appeal, the plaintiffs assert the trial court erred in failing to find that they showed good cause for not serving the defendant within the ninety day period. The plaintiffs' counsel explained that, since this was a claim for legal malpractice, he made an effort to resolve the matter without service. On April 27, 1999, the day the suit was filed, counsel for plaintiffs delivered a courtesy copy of the petition to the defendant at his law office.
On May 5, 1995, the plaintiffs' counsel wrote to the defendant stating that, since the defendant had not responded, he would have formal service of the petition instituted on May 7th. Approximately one week later, an attorney contacted the plaintiffs' attorney and requested an extension to answer. That conversation was confirmed by letter from the defendant's counsel.
On June 21, 1999, counsel for the plaintiffs wrote to counsel for the defendant requesting responsive pleadings by June 25th and expressing a desire to resolve the case quickly. On July 16th, counsel for the plaintiffs contacted counsel for the defendant and was advised that the defendant had instructed him to take no action. Another attorney for the plaintiffs testified by affidavit that she and her co-counsel construed this statement to mean that the defendant would not contest the lawsuit and they prepared to take a default judgment.
In attempting to convenience and accommodate the defendant, counsel for the plaintiffs discussed the decision to withhold service extensively with the defendant and his counsel, who were in agreement with the decision. Clearly, the professional manner and courtesies extended by the plaintiffs' counsel to the defendant constituted good cause in order to prevent dismissal. Accordingly, we conclude the trial court erred in failing to find good cause and in dismissing the plaintiffs' cause of action. Considering the foregoing, the plaintiffs' additional assignment of error is pretermitted.
Accordingly, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceeding consistent with this opinion. Costs are assessed against Jerald P. Block.
REVERSED AND REMANDED.
NOTES
[1] Retired Judge Ian W. Claiborne is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.