KLEIN, J.,
dissenting.
I respectfully dissent because I conclude that Lamz v. Geico General Insurance Co., 808 So.2d 593 (Fla.2001), is distinguishable and does not require reversal. Lamz was decided based on Government Employees Insurance Co. v. Krawzak, 675 So.2d 115 (Fla.1996), and in order to put Lamz in perspective it is necessary to examine Krawzak.
In Krawzak the trial court precluded any reference to the UM insurer and directed that counsel for the UM insurer be referred to as co-counsel for the tortfeasor. The Florida Supreme Court held this to require a new trial, stating: “it is appropriate for a jury to be aware of the presence of a UM insurer which has been properly joined in the action against the insurer.” 675 So.2d at 117.
In Lamz, Geico was the plaintiffs UM insurer and the trial court explained the status of the parties to the jury as follows:
[I]t’s alleged in the plaintiffs’ complaint that the defendant, Marnee Heather Nichols, was the operator of the other vehicle, that Mr. Morris Leisner was the owner of the other vehicle, and the other defendant, Geico General Insurance Company, is the plaintiffs’ automotive insurance carrier, and is also joined here as a defendant.
803 So.2d at 594.
Our supreme court concluded that the above instruction was not in compliance with Krawzak and reversed, explaining:
... Moreover, the Medina, Krawzak, and Dosdourian [v. Carsten, 624 So.2d 241 (Fla.1993) ] line of cases clearly establishes the principle that the jury should be made aware of the precise identity of an uninsured or underinsured insurance carrier if it is a party at trial. The policy behind such a requirement is that full disclosure of the identity of the parties protects the integrity of the jury system and prevents charades at trial.... Identifying the insurance company as merely a plaintiffs insurer without clarifying the full capacity in which it is being sued does not make the jury fully aware of the underinsured carrier’s posture in the litigation.
803 So.2d at 595. The essence of Lamz is that the jury must be made aware of the “posture” of the UM carrier in the case. The instruction given by the trial court in Lamz did not make it clear that the UM carrier was adverse to the plaintiff.
In the present case the jury was instructed that “State Farm is responsible for the negligence of Deane [uninsured motorist] under its coverage of Armstrong.” Unlike the jury in Lamz, the jury in this case knew that State Farm would be paying the damages awarded plaintiff, and that State Farm and its lawyer were therefore adverse to the plaintiffs. The jury thus was aware of the “posture” of State Farm.
The majority has not indicated how the jury should be instructed on retrial, but I assume the majority would not have re *235 versed if the trial court had given the same instruction, but with the insertion of “uninsured motorist,” so that the instruction read: “State Farm is responsible for the negligence of Deane under its [uninsured motorist] coverage of Armstrong.” Because the jury knew State Farm provided coverage, and was liable for the damages, this would, in my opinion, not serve any purpose.
There is an additional significant distinction between Krawzak and Lamz and the present case. In Krawzak and Lamz the tortfeasor was represented by counsel and the UM carrier was represented by different counsel. There were thus two defense lawyers putting on evidence and examining witnesses, both adverse to plaintiff, but the juries in those cases were not aware that counsel for the UM insurer was adverse to plaintiff. This opened up the possibility of the charade which our supreme court was concerned about in the cases cited in Krawzak and Lamz.
Unlike in Krawzak and Lamz, in the present case the tortfeasor was not represented by counsel. The only lawyer defending the auto accident claim was the lawyer representing State Farm and, as I indicated earlier, the court explained to the jury that State Farm was “responsible for the negligence of’ the tortfeasor. There was accordingly no possibility of a charade.
I would therefore affirm.