# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-1580


**JP MORGAN CHASE BANK, ET AL.**

**VERSUS**

**WHITNEY BLAINE SMITH, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 16,928
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


**George Benjamin Dean, Jr.**
**Charles Herman Heck, Jr.**
**Dean Morris LLP**
**P. O. Box 2867**
**Monroe, LA 71207-2867**
**(318) 388-1440**
**Counsel for Defendant/Appellee:**
**JP Morgan Chase Bank**

**Robert G. Nida**
**Gold, Weems, Bruser, etc.**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendant/Appellant:**
**Pamela Deann LaCour Smith**

**Renee W. Dugas**
**Assistant District Attorney**
**35th Judicial District Court**
**P. O. Box 309**
**Colfax, LA 71417**
**(318) 627-2971**
**Counsel for Defendant/Appellee:**
**Whitney Blaine Smith**

**SAUNDERS, Judge.**

This is a case concerning appellant's failure to perfect service of process upon three appellees of her incidental demands, a reconventional demand, and two third party demands. Appellant originally requested service of process upon two of the three appellees, but, prior to the sheriff actually serving those parties, asked the sheriff to withhold service.

Appellant never perfected service of process on any appellee for over ninety days. All three appellees joined in a motion to dismiss the incidental demands. The trial court granted the motion without prejudice. Appellant appealed, alleging one assignment of error.

We affirm the trial court's judgment. All costs associated with this appeal are to be paid by appellant.

**FACTS AND PROCEDURAL HISTORY:**

On November 4, 2004, JP Morgan instituted an executory proceeding seeking to enforce a note and mortgage agreement entered into by Whitney and Pamela Smith on October 18, 1999. The Smiths subsequently defaulted by failing to make installment payments beginning June 1, 2004.

Whitney Smith was killed in an automobile accident on August 30, 2004. At the time of his death, he was insured by a policy of credit life health and accident insurance providing protection in the form of a pay-off to JP Morgan for the mortgage involved in these proceedings.

On December 21, 2004, Pamela Smith ("Smith") filed a petition for preliminary injunction seeking to enjoin the executory process action. Following a hearing, the trial court granted a preliminary injunction her favor on April 4, 2005, with said judgment being signed on May 11, 2005.

On December 21, 2004, Smith also filed suit in the 35th Judicial District Court against Liberty Life Insurance Company ("Liberty") contending that it was obligated to pay off the JP Morgan mortgage. This case was subsequently successfully removed to federal court by Liberty.

On June 8, 2005, JP Morgan converted the executory proceeding to an ordinary proceeding. On July 29, 2005, after an answer had been filed by Smith, JP Morgan filed a motion for summary judgment seeking to enforce the note and mortgage. The summary judgment was scheduled for a hearing on September 12, 2005.

On August 29, 2005, Hurricane Katrina hit Louisiana. As a result, the Federal National Mortgage Association and HUD instituted a mandatory moratorium on all ongoing foreclosure actions for homes located in certain areas that were instituted by federally insured lenders, inclusive of JP Morgan. The home owned by Smith was subject to this moratorium, and, as such, JP Morgan was required to place the foreclosure on hold.

Due to the moratorium, counsel for JP Morgan requested that the trial court continue the hearing on its motion for summary judgment without date. The request for continuance was granted, and JP Morgan, in accordance with the moratorium, placed the file on hold.

On September 12, 2005, Smith filed a reconventional demand against JP Morgan, and a third party demand against Saxon Mortgage ("Saxon") and Dean Morris, LLP ("Dean Morris") asserting wrongful seizure and a 1983 civil rights claim. The filed incidental demands included a request to serve JP Morgan and Saxon; however, prior to the demands being served, Smith requested that the sheriff withhold service. As a result, the sheriff never served JP Morgan, Saxon, or Dean

2

Morris.

On August 25, 2006, JP Morgan, Saxon and Dean Morris (at times collectively "defendants") filed a motion to dismiss Smith's incidental demands contending that service had not been requested nor perfected in accordance with the law. A hearing was held on September 25, 2006, wherein the matter was taken under advisement. On November 2, 2006, the trial court rendered a judgment in favor of defendants dismissing Smith's incidental demands without prejudice. Smith appealed, alleging one assignment of error.

**DISCUSSION OF THE MERITS:**

Smith argues that the trial court erred in dismissing her incidental demands pursuant to La.Code Civ.P. art. 1672(C). For the following reasons, we affirm the trial court's judgment.

The well established manifest error/clearly wrong standard of review is applicable when a trial court dismisses an action for failure to timely perfect service of process. *Johnson v. Brown*, 03-679 (La. 6/25/03), 851 So.2d 319; *Patterson v. Jefferson Parish Sch. Bd.*, 00-580 (La.App. 3 Cir. 12/6/00), 773 So.2d 297.

Smith's initial argument is that defendants' motion to dismiss was improper as it should have been brought as a declinatory exception. Smith asserts that Article 1672(C) requires that an attempt to dismiss an action based upon the failure to timely perfect service of process made by a defendant must be brought via a declinatory exception rather than a motion to dismiss. As such, Smith argues that defendants, when they filed the motion to dismiss, waived their right to assert the proper procedural vehicle, a declinatory exception.

Louisiana Code of Civil Procedure Article 1672(C) states:

A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

The record contains no evidence that this argument was made by Smith prior to this appeal. "The general rule is that appellate courts will not consider issues raised for the first time on appeal." *Segura v. Frank*, 93-1271, 93-1401 (La. 1/14/94), 630 So.2d 714, 725, *cert. denied sub nom*, *Allstate Ins. Co. v. La. Ins. Guar. Ass'n*, 511 U.S. 1142, 114 S.Ct. 2165 (1994). As such, we will not consider this issue raised by Smith.

We note that even if Smith's argument could be considered by this court, it is well settled under La.Code Civ.P. art. 925 that a defendant must make an appearance in order to waive declinatory exceptions, including an exception of improper service of process. Here, defendants have made no appearances with respect to Smith's incidental demands except to file a motion to dismiss her demands due to her failure to perfect proper service of process. Such a motion while different in name, is, in essence, the same as filing a declinatory exception to a lack of proper service of process. Accordingly, even if we could hear such an argument, it would have no merit.

Next, Smith argues that the trial court erred in dismissing her incidental demands because she did not violate La.Code Civ.P. art. 1672(C), because she timely requested service of process under Article 1201(C). Louisiana Code Civil Procedure Article 1201(C) is as follows:

Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a

4

supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinatory exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.

Smith argues that, the fact that she originally requested service on defendants JP Morgan and Saxon, despite that she asked the sheriff to withhold that service, means that she technically complied with Article 1201(C). This argument is completely without merit.

There is no difference, procedurally, between a party bringing an action and originally requesting that service be withheld and, a party bringing an action and, prior to actual service being made, successfully requesting that service be withheld. To request service of process, then immediately retract that request is tantamount to a request to withhold service of process. Thus, no compliance, technical or otherwise, that has taken place under Article 1201(C).

Smith's next contention is that because she mailed a copy of her incidental demands to counsel for defendants, service was made in accordance with La.Code Civ.P. art. 1313. For the following, we find no merit in this contention.

Louisiana Code of Civil Procedure Article 1313 is as follows:

A.      Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:

   (1)   Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.

   (2)   Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.

> (3)  Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
>
> (4)  Facsimile transmission of a copy thereof to the counsel of record at his number designated for facsimile transmission, or if there is no counsel of record, to the adverse party at his number designated for facsimile transmission, this service being complete upon receipt of the transmission.
>
> B.  When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
>
> C.  Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314.

Smith's incidental demands were a reconventional demand with respect to JP Morgan and a third party demand with respect to Saxon and Dean Morris. With respect to JP Morgan, service of reconventional demands is expressly governed by La.Code Civ.P. art. 1063, which states that, "[t]he petition in reconvention, whether incorporated in the answer to the principal action or filed separately, shall be served on the plaintiff in the principal action in the manner prescribed by *Article 1314*." (Emphasis added.)

Louisiana Code Civil Procedure Article 1314 (emphasis added.), in pertinent part, states:

> A.  A pleading which is required to be served, but which may not be served under Article 1313, *shall be served by the sheriff*, by either of the following:
> (1)  Service on the adverse party in any manner permitted under Articles 1231 through 1266.
>
> (2)  (a)  Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court[.]"

It is clear that a reconventional demand must be served in accordance with

6

Article 1314, which specifically requires service by the sheriff and not Article 1313, which allows service via mail, delivery, or facsimile. It is equally clear that Smith did not have the sheriff serve JP Morgan in the case before us. Thus, Smith's contention that she perfected service upon JP Morgan via sending a facsimile of the reconventional demand to JP Morgan's counsel of record is without merit.

Further, Smith contends that her counsel perfected service under Article 1313 with regard to Saxon and Dean Morris by mailing a copy of the third party demand to their respective counsels. Louisiana Code Civil Procedure Article 1114 states, "[a] citation and a certified copy of the third party petition shall be served on the third party defendant in the manner prescribed by *Articles 1231 through 1293* [.]" (Emphasis added.) As Article 1313 is not included in the articles cited in Article 1114, it is clear that Smith's contention with respect to Saxon and Dean Morris also lacks merit. None of Articles 1231 through 1293 authorize service of process on a third party defendant by mail, delivery, or facsimile to a third party defendant's counsel of record.

Moreover, at the time Smith filed her third party demand against Saxon and Dean Morris, neither had any counsel of record. Thus, even if Article 1313 could be used to perfect service on third party defendants, Smith could not have served each defendants' counsel of record via mail as she contends.

Finally, Smith contends that this court should deny a dismissal under Article 1672(C) because she can show that there is good cause why service could not be requested. Smith contends that a verbal agreement existed between her counsel and counsel for JP Morgan to place the proceedings of this case on hold while she pursued her claim against Liberty Life Insurance Company in federal court. As such,

7

Smith argues that her failure to request service was justified.

Article 1201(C) states, in pertinent part, "[w]hen a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any *written* waiver."(Emphasis added.)

The clear language of Article 1201(C) is that any waiver must be in writing. There is no evidence in the record of a written waiver. Accordingly, Smith's argument that counsel for JP Morgan agreed to dispense with service of process requirements is without merit.

Smith argues that a written waiver is not absolutely necessary, citing *Cantrelle v. Block*, 00-540 (La.App. 1 Cir. 5/11/01), 808 So.2d 593. Even if we could find that a written waiver is not absolutely necessary despite the clear language of Article 1201(C), Smith's reliance on *Cantrelle* is unfounded.

In *Cantrelle*, there was evidence of multiple conversations between counsels of record specifically regarding the waiver of service of process requirements, and both parties were in agreement with respect to that issue. In the present case, while there are various letters that indicate that counsel for JP Morgan and Smith's counsel conversed, there is no evidence in the record that there was any actual discussion between them specifically regarding waiver of the service of process requirements for Smith's incidental demands.

The only "evidence" regarding such an agreement is contested assertions of Smith's counsel of record and JP Morgan's counsel of record. We could only give equal weight to such assertions as an appellate court deals with a cold record. Given the manifest error standard, and the trial court's decision to dismiss Smith's incidental

8

demands, we could not find that the trial court was clearly wrong in its decision.

Accordingly, given that Article 1201(C) clearly requires waiver of service to be in writing, and, as we stated earlier, no such writing exists in the record, we find no error in the trial court's judgment dismissing Smith's incidental demands.

**CONCLUSION:**

Smith raised one assignment of error. The record clearly indicates that Smith failed to perfect service of process on each of the defendants. Accordingly, we affirm the trial court's judgment dismissing her incidental demands, and assess all costs of this proceeding to Smith.

**AFFIRMED.**