# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-852


**MAJOR PATRICK CALBERT**

**VERSUS**

**ORLANDO J. BATISTE, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2008-4932
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED.**

**Guy O. Mitchell, III**
**Mitchell Law Offices**
**225 Court Street**
**Ville Platte, Louisiana 70586-4492**
**(337) 363-0400**
**Counsel for Plaintiff/Appellant:**
    **Major Patrick Calbert**

**Laura L. Putnam**
**Assistant Attorney General**
**556 Jefferson Street, Fourth Floor**
**Lafayette, Louisiana  70501**
**(337) 262-1700**
**Counsel for Defendant/Appellee:**
      **State of Louisiana, through the Department of**
      **Transportation and Development**

**Orlando J. Batiste**
**In Proper Person**
**135 Harrison Drive**
**Lafayette, Louisiana  70507**
**Defendant/Appellee**

**KEATY, Judge.**

Plaintiff appeals from the trial court's granting of exceptions of prescription and insufficient service of process in favor of defendant. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Raymond Calbert died on July 23, 2007, after his vehicle was struck by a vehicle being driven by Orlando Batiste (Batiste). On July 14, 2008, the deceased's widow, Mary Ann Charles Calbert (Calbert), filed a wrongful death suit individually and on behalf of her minor son, Rashaun Devon Calbert, against Batiste.[1] On August 28, 2008, Major Patrick Calbert (Major), the deceased's son and the sole plaintiff herein, filed a separate wrongful death and survival action against Batiste, the State of Louisiana through the Department of Transportation and Development (DOTD), and Lafayette Consolidated Government (LCG).[2]

Defendant, DOTD, filed exceptions of insufficient service of process and citation, vagueness, no cause of action, and prescription. Following a hearing, the trial court rendered judgment granting DOTD's exceptions of prescription and insufficient service of process and overruling DOTD's exceptions of no cause of action and vagueness, resulting in the dismissal of Major's petition against DOTD. Major appeals the trial court's decision with respect to the granting of the exceptions of prescription and insufficient service of process.

---

[1] Calbert's suit was docketed in the Fifteenth Judicial District Court, Lafayette Parish, as Civil Docket No. 08-4022.

[2] Major's suit was docketed in the same judicial district as Civil Docket No. 08-4932. Major's suit against LCG was dismissed with prejudice according to the terms of a Consent Judgment signed on September 13, 2010.

**DISCUSSION**

On appeal, Major contends the trial court erred when it sustained DOTD's exceptions of prescription and insufficient service of process.

In Louisiana, the standard of review regarding the exceptions of prescription and insufficient service of process requires an appellate court to determine whether the trial court's finding of fact was manifestly erroneous. *Taranto v. La. Citizens Prop. Ins. Corp.*, 10-105 (La. 3/15/11), 62 So.3d 721, 726; *JP Morgan Chase Bank v. Smith*, 07-1580 (La.App. 3 Cir. 5/21/08), 984 So.2d 209.

**I.     Prescription**

In the present matter, because Major's father died on July 23, 2007, Major had one year to file a wrongful death and survival action under La.Civ.Code art. 3492.[3]  Since Major's suit was not filed until August 28, 2008, Major's action prescribed.  Thus, the issue on appeal is whether prescription was interrupted with respect to Major's suit when Calbert timely filed suit on July 14, 2008.

Major contends Louisiana law and jurisprudence provides that suit by one plaintiff interrupts prescription as to all defendants in favor of all plaintiffs in similar factual situations arising out of the same accident.  In support of the foregoing, Major cites Louisiana jurisprudence including *Tureaud v. Acadiana Nursing Home*, 96-1262 (La.App. 3 Cir. 5/7/97), 696 So.2d 15.

In opposition, DOTD contends that Calbert asserts a wrongful death action whereas Major asserts both a wrongful death and a survival action.  Wrongful death and survival actions are separate and distinct causes of action entirely independent of each other.  *Guidry v. Theriot*, 377 So.2d 319 (La.1979), *abrogated on other grounds by Louviere v. Shell Oil Co.,* 440 So.2d 93 (La.1983).  DOTD

_____

[3] Louisiana Civil Code Article 3492 provides, in pertinent part:  "Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained."

argues that even if prescription was interrupted by Calbert's wrongful death action, which it denies, the interruption had no bearing on the running of prescription on Major's survival action. Accordingly, DOTD alleges that Major's survival action is prescribed.

DOTD alleges that *Tureaud* is inapplicable. DOTD further contends that notice within the prescriptive period is necessary when resolving prescription issues. Since DOTD did not receive notice of a claim for the deceased's wrongful death within one year of his death, Major's wrongful death claim against DOTD prescribed.

In the present case, we find that the trial court was not manifestly erroneous in granting DOTD's exception of prescription for the following reasons. First, prescription runs against all persons unless they fall within an exception provided by law. La.Civ.Code art. 3467. The filing of a tort suit by one party generally does not affect the running of prescription against other parties who sustained separate damages in the same accident. *Louviere*, 440 So.2d 93. There are three exceptions to the general rule: (1) La.Code Civ.Proc. art. 1153 allows an amending petition to relate back to the date of filing the original pleading; (2) La.Code Civ.Proc. art. 1067 allows an additional ninety days for incidental demands; and (3) when parties share a single cause of action. *Louviere*, 440 So.2d 93. Each exception has limited application.[4] The underlying rationale for these exceptions is lack of prejudice to the defendant and/or full recovery to a plaintiff who timely filed suit. Neither rationale is applicable in this case.

---

[4] Louisiana Code of Civil Procedure Article 1153 only applies if the late-added action or defense arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Louisiana Code of Civil Procedure Article 1067 is applicable only if the demand is filed within ninety days of the date of service and only if the demand had not prescribed at the time the main demand was filed.

Second, notice to the defendant within the prescriptive period is an essential element when an untimely plaintiff, such as Major, seeks to defeat prescription based on another plaintiff's, Calbert's, timely filed suit. *Giroir v. S. La. Med. Ctr., Div. of Hosps.*, 475 So.2d 1040 (La.1985); *Nini v. Sanford Bros., Inc.*, 276 So.2d 262 (La.1973). In *Warren v. Louisiana Medical Mutual Insurance Co.*, 07-492 (La. 12/2/08), 21 So.3d 186, *reversed on other grounds on rehearing*, the supreme court detailed the statutes and jurisprudence relating to prescriptive issues for additional plaintiffs. Summarizing the issues, the supreme court explained that the focus is on whether the defendant knew or should have known of the existence and involvement of the new plaintiff. *Id.*

In the present case, Calbert's timely filed wrongful death suit named only Batiste as a defendant; whereas, Major's untimely wrongful death and survival action named Batiste, DOTD, and LCG as defendants. Since DOTD was not named in Calbert's timely suit, it did not know of the existence of the new plaintiff, Major, within one year of the decedent's death. As such, Major's wrongful death and survival action prescribed against DOTD, and the trial court's finding was not manifestly erroneous.

This assignment of error is without merit.

## II.  Improper Citation

Regarding DOTD's exception of insufficient service of process and citation, Major contends that the requirement of citation has been waived by DOTD's repeated responses in the trial and appellate courts. Major alleges that, in any event, the exception can be cured by serving the parties mentioned by DOTD.

DOTD contends that Major has not satisfied the service requirements of La.R.S. 39:1538. Although Major served the attorney general, he failed to serve DOTD's department head and the Office of Risk Management (ORM) as required

4

by La.R.S. 39:1538. DOTD alleges that Major should be required to serve the department head and the ORM in order to maintain his action. *See Whitley v. State, Bd. of Supervisors of La. State Univ. Agric. Mech. College*, 11-40 (La. 7/1/11), 66 So.3d 470.

Louisiana Revised Statutes 39:1538 provides, in pertinent part:

> (4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107. However, there shall be no direct action against the Self-Insurance Fund and claimants, with or without a final judgment recognizing their claims, shall have no enforceable right to have such claims satisfied or paid from the Self-Insurance Fund.

In the present case, Major was required to serve the head of DOTD, the ORM, and the attorney general. The record shows that Major only served the attorney general. Since Major failed to serve the head of DOTD and the ORM as required by the statute, service was incomplete. Thus, the trial court's ruling granting DOTD's exception of insufficient service of process and citation was not manifestly erroneous.

This assignment of error is without merit.

## DECREE

The judgment of the trial court is affirmed. All costs of this appeal are assessed against Major Patrick Calbert.

**AFFIRMED.**

5