NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-361 consolidated with 16-362

TIMOTHY BERNARD, SR., ET AL.

VERSUS

LAFAYETTE CITY POLICE DEPARTMENT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20150951
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Billy Howard Ezell, Judges.

AFFIRMED.

Charles A. Mouton
Mahtook & Lafleur, LLC
P. O. Box 3089
Lafayette, LA 70502
Telephone: (337) 266-2189
COUNSEL FOR:
    Defendant/Appellee - J. Alfred Mouton Realty

**F. Douglas Wimberly**
**Staci Knox Villemarette**
**Cloyd, Wimberly & Villemarette, LLC**
**P. O. Box 53951**
**Lafayette, LA 70505-3951**
**Telephone: (337) 289-6906**
**COUNSEL FOR:**
**Defendants/Appellees - Lafayette City-Parish Consolidated Government**
**Lafayette Utilities System, and Lafayette City Police Department**

**Jeff Landry**
**Attorney General**
**Laura L. Putnam**
**Assistant Attorney General**
**556 Jefferson Street – 4th Floor**
**Lafayette, LA 70501**
**Telephone: (337) 262-1700**
**COUNSEL FOR:**
**Defendant/Appellee - State of Louisiana, Department of Health and Hospitals**

**Thomas R. Temple, Jr.**
**Joseph J. Cefalu, III**
**Breazeale, Sachse & Wilson, LLP**
**P. O. Box 3197**
**Baton Rouge, LA 70821-3197**
**Telephone: (225) 387-4000**
**COUNSEL FOR:**
**Defendant/Appellee - Our Lady of Lourdes Regional Medical Center**

**Timothy Bernard, Sr.**
**In Proper Person**
**1224 Carmel Drive**
**Lafayette, LA 70501**
**Telephone: (337) 781-0469**
**Plaintiff/Appellant - Timothy Bernard, Sr.**

**Bionca Joseph**
**In Proper Person**
**220 Ena Street**
**Lafayette, LA 70501**
**Telephone: (337) 524-4449**
**Plaintiff/Appellee - Bionca Joseph**

**THIBODEAUX, Chief Judge.**

In these two consolidated cases, the plaintiff, Timothy Bernard, Sr., appeals three judgments granting various reasserted exceptions [1] following his amended pleadings. Finding no error, manifest error, or abuse of discretion in the trial court's judgments, we affirm.

I.

**ISSUES**

We must decide:

(1)     whether the trial court manifestly erred in dismissing Mr. Bernard's claims against the Louisiana Department of Health and Hospitals without prejudice;

(2)     whether the trial court erred in finding that Mr. Bernard failed to state a cause of action against Our Lady of Lourdes Regional Medical Center for breach of contract and in dismissing Mr. Bernard's claim with prejudice; and

(3)     whether the trial court manifestly erred in dismissing Mr. Bernard's claims against the Lafayette City-Parish Consolidated Government, the Lafayette Utilities System, and the Lafayette City Police Department without prejudice.

II.

**FACTS AND PROCEDURAL HISTORY**

The facts in this litigation are not clear. According to Mr. Bernard, a "blow-out" occurred on his property in October, 2014. The Lafayette Utilities

---

[1] Declinatory exceptions of insufficiency of citation and service of process, dilatory exceptions of vagueness, nonconformity of the petition, and lack of procedural capacity, and a peremptory exception of no cause of action were filed by various defendants, the Louisiana Department of Health and Hospitals, the Lafayette City-Parish Consolidated Government, the Lafayette City Police Department, and Our Lady of Lourdes Regional Medical Center.

System (LUS) references a leak. A work crew was dispatched to repair the line. The repair work caused a hole on Mr. Bernard's property. Mr. Bernard stated at oral argument that he wanted the hole(s) fixed, but when LUS returned to fill the hole, Mr. Bernard and his family protested. At the time, LUS was accompanied by officers of the Lafayette City Police Department (LPD). When several members of the Bernard family actively protested the presence of LPD and LUS and its equipment on their property, Mr. Bernard and his daughter, Bionca Joseph, were ultimately arrested for assault and resisting arrest.[2]

In February of 2015, Mr. Bernard and Bionca filed an action against LPD, LUS, and Lafayette City-Parish Consolidated Government (LCG).[3] The defendants responded with dilatory exceptions of vagueness, nonconformity of the petition with pleading requirements, and lack of procedural capacity of the LPD.

In March, 2015, before the trial court ruled on the exceptions to the first petition, Mr. Bernard and Bionca filed a second petition, this time alleging fraud and wrongful death. Newly added defendants were Our Lady of Lourdes Regional Medical Center (Lourdes), J. Alfred Mouton Realty (Mouton), the Lafayette Sheriff's Department, and the Department of Health and Hospitals (DHH). Mouton filed an exception of prescription. Lourdes filed peremptory exceptions of no cause of action and no right of action and dilatory exceptions of

---

[2]No reason was given for the LPD's escort on this occasion, but it appears that LPD was there because of previous interference with work attempted at that location. Correspondence in the record indicates that there was a complaint made to LUS in 2012 of a cave-in over an old septic system that had been abandoned when the sub-division converted to the LUS system. LUS explained that it did not own the abandoned septic tank but volunteered to fill the pipes with liquid cement, and further said that it would not be responsible for subsequent property damage that might occur. Apparently in 2014, Mr. Bernard's mother, Evelyn, complained of a sink hole and vegetation that would not grow. Correspondence from DHH indicates that it had tried to investigate on July 21, 2014, but the owner (Mr. Bernard, as at that time Evelyn was deceased) would not allow their two representatives onto the property.

[3]LCG is a political subdivision; LPD is a governmental entity of LCG, and LUS is a department of LCG charged with providing utility service.

prematurity and vagueness. DHH filed declinatory exceptions of insufficiency of citation and service of process and dilatory exceptions of vagueness and nonconformity of the petition.

On May 26, 2015, the trial court signed a judgment granting LCG's and LUS's exceptions of vagueness and nonconformity and granted LPD's exception of lack of procedural capacity. The judgment dismissed LPD, and ordered the plaintiffs to amend their pleadings to provide a clear and concise statement of their cause of action against LCG and LUS.

In June 2015, the plaintiffs filed a third amending petition adding claims for breach of contract and tortious inducement for breach of contract. This petition named twelve new defendants, all individual employees of LUS, LPD, Lourdes, DHH, Mouton, the Lafayette tax assessor, and a Lafayette attorney. It is unclear whether this petition was served, as there appears to be no certificate of service or any form of service information page. This petition does not clarify previous claims but adds new and inappropriate law pertaining to usufruct, naked ownership rights, and contract law.

A hearing was conducted on July 13, 2015, on the exceptions previously filed by DHH, Lourdes, and Mouton, based upon the first two petitions. The trial court granted Mouton's exception of prescription and dismissed the real estate defendant with prejudice on July 17, 2015.

In a judgment dated August 4, 2015, the trial court granted DHH's peremptory exception of no right of action as to all claims of Bionca, which DHH had asserted orally in open court at the July 13 hearing. The August 4 judgment also granted DHH's exceptions of insufficiency of service of citation and service of process and ordered Mr. Bernard to cure the defects within thirty days from the

3

date of the July 13 hearing, or the suit would be dismissed with prejudice at Mr. Bernard's cost. The trial court further granted DHH's exceptions of nonconformity and vagueness and ordered Mr. Bernard to amend his petition by August 13 to more fully state the damages and relief he sought from DHH.

In an August 5, 2015 judgment, the trial court granted Lourdes's peremptory exception of no right of action and dismissed all of Bionca's claims against Lourdes with prejudice. The trial court granted Lourdes's dilatory exception of prematurity for Mr. Bernard's failure to seek the statutorily-required medical panel review before filing suit; thus, the court dismissed Mr. Bernard's medical malpractice claim against Lourdes without prejudice. The judgment also granted Lourdes's peremptory exceptions of no cause of action and dismissed Mr. Bernard's following claims against Lourdes with prejudice: (1) claims for the wrongful issuance of a temporary restraining order; (2) claims in his first pleading; (3) claims regarding his arrest; (4) claims regarding a blow out of the city's infrastructure system; (5) claims for encroachment on property and the illegal selling of land; and (6) claims regarding contamination, libel/slander, defamation, fraud, injury to person, and property damages. The judgment further granted Lourdes's exception of vagueness and gave Mr. Bernard until August 13, 2015, to cure his petition's vagueness and amend his pleading to state facts that would support a valid breach of contract claim against Lourdes.

On August 13, 2015, Mr. Bernard filed a re-amended petition for breach of contract, fraud, wrongful death, damages, and tortious inducement for breach of contract. The motion was opposed, but Mr. Bernard was allowed to file it.

4

In December, 2015, Lourdes reasserted its exception of no cause of action and sought to enforce the judgment previously rendered in its favor. Likewise, LCG and LUS reasserted dilatory exceptions of vagueness and nonconformity of the petition and asked for enforcement of the judgment ordering the removal of the LPD as a defendant. Likewise, DHH filed a motion to dismiss for failure to sufficiently serve it with citation and process. Mr. Bernard filed a motion to fix a trial date which was opposed and denied. He then filed a pleading purporting to be a motion for summary judgment on the issues of the trial date and the exceptions.

Following a hearing on January 25, 2016, the trial court rendered judgments in open court in favor of all defendants and denied Mr. Bernard's motion.

On the date of the hearing, finding that Mr. Bernard failed to show proof of citation and service of process on DHH, the court signed a January 25 judgment in favor of DHH on its declinatory exceptions, dismissing DHH *without* prejudice.

At the same hearing, the trial court granted Lourdes's reassertion of its peremptory exception of no cause of action and signed a February 19 judgment dismissing Mr. Bernard's remaining breach of contract claim against Lourdes with prejudice.

Also at the same hearing, the trial court orally granted the reasserted dilatory exceptions of vagueness, nonconformity, and lack of procedural capacity of LPD, brought by LCG and LUS. Prior to the oral argument of this appeal, we granted an unopposed motion to supplement the record with an earlier circulated but previously unsigned judgment memorializing the court's granting of the

dilatory exceptions of LCG and LUS.  As Mr. Bernard's motion for appeal covers all judgments arising from the January 25, 2016 hearing, we will consider this third judgment an interlocutory judgment granted without prejudice and now appealable along with the other appealable judgments.[4]

III.

## STANDARDS OF REVIEW

An appellate court reviews the trial court's granting of the peremptory exception of no cause of action de novo.  *Hebert v. Shelton*, 08-1275 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197.  The appellate court applies the manifest error/clearly wrong standard of review when a trial court dismisses an action on the declinatory exceptions of insufficient service of citation and process.  *JP Morgan Chase Bank v. Smith*, 07-1580 (La.App. 3 Cir. 5/21/08), 984 So.2d 209.  The applicable standard of appellate review for a trial court's granting of a dilatory exception is also manifest error.  *Dietz v. Superior Oil Co.*, 13-657 (La.App. 3 Cir. 12/11/13), 129 So.3d 836.

IV.

## LAW AND DISCUSSION

The facts of this case have been exceedingly difficult to determine. Instead of stating the facts in a straight-forward manner, Mr. Bernard, in his written pleadings and his oral testimony attempts to cite language from a myriad of inapplicable statutes such that very few facts are actually given.  The few facts given are not clear because they are buried in jargon, with one complaint against

---

[4]*See People of Living God v. Chantilly Corp.*, 251 La. 943, 207 So.2d 752 (1968).

6

one party intersecting with another complaint against a different party in the same sentence. Because he is a pro se plaintiff, Mr. Bernard has been given great latitude by the courts. He fails to perfect appeals dismissing defendants and causes of action but continues to repeat the same incoherent accusations in each pleading and motion for appeal. In the January 2016 hearing giving rise to this appeal, the trial court dismissed DHH without prejudice, though the court had warned Mr. Bernard that it would dismiss DHH with prejudice if Mr. Bernard failed to cure his defects and properly serve the defendant within the time allowed. Mr. Bernard's response was to call the judge a "crook" in open court. It is one thing to misunderstand the complexities of the law; it is quite another to be abusive to the court which has granted such latitude.

*Preliminary Matter*

Preliminarily, in hopes of clarifying the record, we will address Mr. Bernard's belief that his ownership of the property is at issue in this case. The LCG states that it is not at issue. Mr. Bernard seems to be confused by the legal documents in the record, which we will try to explain to prevent further confusion. Mr. Bernard's home is located in a subdivision that was created in 1946 when Louis and Albert Peck subdivided their large tract of land into lots for sale; the new subdivision was called "Peck Villa." In laying out the streets in the subdivision, they dedicated the streets for public use, which is the normal practice. In 1965, it appears that the Lafayette Planning Commission granted approval of a right-of-way for utilities in the subdivision. Neither the dedication of the streets nor the City's right-of-way for utilities affects Mr. Bernard's ownership of the property. Dedication of streets and granting of rights-of-way for utilities are necessary in the

7

development of city subdivisions, all of which occurred before Mr. Bernard's parents purchased their lots in 1969.

According to the Credit Deed dated September 19, 1969, and recorded on October 1, 1969, Mr. Bernard's parents, Wilton and Evelyn Bernard, purchased lot 6 and lot 23 in Peck Villa Subdivision for $16,000. Mr. Bernard said that his father paid off the loan around 1994, and that he inherited the property when his father died. There is nothing in the record of this appeal indicating that Mr. Bernard's ownership of the property is at issue. It is not. He owns the property.

*Claims Against DHH*

Pursuant to the judgment appealed, we now consider whether the trial court correctly ruled on January 25, 2016, that Mr. Bernard failed to comply with the court's previous August, 2015 judgment regarding service of citation and process on DHH; and whether the trial court correctly dismissed Mr. Bernard's claims against DHH.

In its 2015 judgment, the trial court ordered that DHH's exceptions of insufficiency of citation and service of process be granted and that Mr. Bernard cure the defects within thirty days from the July 13, 2015 hearing on the exceptions. If Mr. Bernard did not comply, the court warned that his claims against DHH would be dismissed with prejudice. Compliance meant that Mr. Bernard must obtain service on the department head of DHH, the attorney general, and the office of risk management, in accordance with La.R.S. 39:1538. Mr. Bernard failed to effect proper service on the three state entities as ordered. At the hearing on January 25, 2016, Mr. Bernard argued that he had receipts proving that he had paid for service of process in the clerk's office, but he had not brought the

receipts to court. He also asserted that he had mailed papers himself but brought no receipts. Therefore, the court was given no evidence of such attempts to effect proper service, though almost six months had passed since the previous hearing on the issue.

Louisiana Revised Statutes 39:1538, entitled "Claims against the state," provides at paragraph (4): "In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107." Thus, pursuant to La.R.S. 39:1538(4), Mr. Bernard was required to serve the head of DHH, the office of risk management, and the attorney general to effect proper service on DHH. The trial court allowed thirty days of additional time, from the July 13, 2015 hearing until August 13, 2015, to effect proper service under penalty of dismissal. Finally, at the hearing on the reasserted exceptions of DHH five months later, on January 25, 2016, the court correctly granted DHH's declinatory exception of insufficiency of service of citation and process. *See Calbert v. Batiste*, 12-852 (La.App. 3 Cir. 2/6/13), 109 So.3d 505.

Louisiana Code Civil Procedure Article 932, entitled "Effect of sustaining declinatory exception," provides in pertinent part:

A. When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; if the court finds, on sustaining the objection that service of citation on the defendant was not requested timely, it may either dismiss the action as to that defendant without prejudice or, on the additional finding that service could not have been timely requested, order that service be effected within a specified time.

9

> B.   If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed . . . .

The use of the term *shall* mandates dismissal as a result of a plaintiff's failure to comply with a court order to cure service deficiencies. *Blanchard v. Linder Oil Co*., 13-737 (La.App. 5 Cir. 2/12/14), 132 So.3d 1272, *writ denied*, 14-906 (La. 8/25/14), 147 So.3d 1117.   The trial court's dismissal of DHH is supported by the statute and Louisiana jurisprudence.   On appeal, DHH cites *Blanchard* and other cases affirming a dismissal *with* prejudice when a plaintiff fails to comply with a court's order to cure the deficiencies within a certain time frame.  *See*, *e.g.*, *Alcorn v. Duncan*, 49,964 (La.App. 2 Cir. 8/26/15), 175 So.3d 1014, *writ denied*, 15-1929 (La. 11/20/15), 180 So.3d 1288.  However, pursuant to the January 25, 2016 hearing transcript, DHH asked for a dismissal *without* prejudice, and that is what the trial court granted.

"While it is true that Article 932 does not require an action to be dismissed with prejudice when a plaintiff fails to comply with an order requiring removal of the objection pleaded in the declinatory exception, neither does Article 932 mandate that the dismissal be without prejudice." *Succession of Brown*, 37,740, p. 4 (La.App. 2 Cir. 12/10/03), 862 So.2d 1053, 1055, *writ denied*, 04-85 (La. 3/19/04), 869 So.2d 854.   Stated another way, La.Code Civ.P. art. 932 mandates dismissal, but does not mandate whether it be with prejudice or without prejudice.   In the present case, the trial court did warn in its 2015 judgment that Mr. Bernard's suit against DHH would be dismissed *with* prejudice if he did not effect proper service by August 13, 2015.   However, the trial court stated in the January 2016 transcript and in the February 2016 judgment that the dismissal of

DHH for lack of citation and service was *without* prejudice. While *Succession of Brown*, also cited by DHH, found no abuse of discretion in a dismissal *with* prejudice under similar facts, the court stated that "a trial court's decision to dismiss a case *with or without prejudice* is reviewed on appeal pursuant to abuse of discretion and manifest error standard." *Id.* at 1056 (emphasis added). We find no abuse of discretion or manifest error in the dismissal of DHH, or the fact that it was without prejudice.

***Claims Against Lourdes***

The February 2016 judgment of the trial court granted the reassertion by Lourdes of its peremptory exception of no cause of action and its motion to enforce the prior judgment in its favor. The 2016 judgment dismissed Mr. Bernard's remaining claims, including the breach of contract claim, against Lourdes. As part of our de novo review, we will first revisit what occurred in 2015.

The plaintiffs first named Lourdes as a defendant in their second petition filed on March 16, 2015, wherein they included damages for the wrongful death of Mr. Bernard's mother, Evelyn, who was hospitalized in Lourdes at the time of her death on March 18, 2014. The plaintiffs also sought damages for the alleged breach of the document naming Mr. Bernard as the power of attorney for Evelyn; and they sought damages for the alleged wrongful issuance of a temporary restraining order (TRO) against Mr. Bernard.[5] In May 2015, Lourdes filed

---

[5]Upon her admission to Lourdes, Evelyn executed a power of attorney authorizing Mr. Bernard to make treatment decisions on her behalf should she become unable to do so. When this occurred, Mr. Bernard refused to permit the doctors and nurses to provide medically necessary treatment and procedures because, according to Lourdes, "he read the spirit" of health care providers and thought Lourdes was performing "experiments" on his mother. As Lourdes believed that Evelyn's condition was such that she would expire without immediate medical

exceptions of no cause of action, prematurity, no right of action, and vagueness. Following a hearing on July 13, 2015, the trial court rendered judgment on August 5, 2015, granting the exceptions and dismissing the entirety of the plaintiffs' claims against Lourdes, except for Mr. Bernard's purported breach of contract claim. Bionca's claims against Lourdes were dismissed with prejudice at that time because she was not a party to the power of attorney. No appeal was perfected, and none of the claims dismissed with prejudice, including all of Bionca's claims, can now be appealed.

However, the judgment permitted Mr. Bernard until August 13, 2015, to file an amended pleading to attempt to state a valid cause of action for breach of contract against Lourdes and to assert with particularity the facts supporting any remaining causes of action he might have brought against Lourdes, if any. Per the judgment, if Mr. Bernard failed to assert facts with particularity to substantiate a breach of contract claim, or any other claim brought against Lourdes by August 13, 2015, Mr. Bernard's claims would be dismissed with prejudice.

On August 13, 2015, Mr. Bernard filed the re-amended petition for breach of contract, fraud, wrongful death, damages, and tortious inducement for breach of contract. The paragraph pertaining to Lourdes reiterated the wrongful death claim that had been dismissed without prejudice because it was prematurely filed before seeking a medical review panel. That claim should not have been included because it was dismissed, and was still premature, as no claim is known to have been filed with the medical review board. The amended pleading

treatment and procedures, Lourdes obtained a TRO to prevent Mr. Bernard from interfering with the doctors and nurses while they rendered medically necessary treatment. The TRO was granted on March 14, 2014, and Evelyn passed away on the 18th before the preliminary injunction hearing set for March 19, 2014.

reiterated other claims, such as the issue of the restraining order, that were dismissed with prejudice in the trial court's August 5, 2015 judgment, and that judgment was not appealed, is not now appealable, and is not before us. All of the claims in the amended pleading are again buried in a multitude of statutes and legal jargon, many of which are inappropriate because they do not apply, they do not exist, or they work directly against Mr. Bernard, without the addition of any clear facts. To the extent that the medical malpractice claims can be removed from the beginning and the end of the paragraph pertaining to Lourdes, the claim pertaining to breach of contract states:

> **PAULA JENKINS ( ADMINISTRATION ) OF OUR LADY OF LOURDES** , INFORCED [sic] IMPROPER PROCEDURES AND BREACHED OF CONTRACT , IN DOING SO VIOLATED UNDER **42 U.S.C. 1985** FOR CONSPIRING TO DEPRIVE **TIMOTHY BERNARD SR** OF HIS **CONSTITUTIONAL RIGHTS** . LA R.S. ANN SECT 40.1299.42- LIMITS ALL **DAMAGES** AWARDS AGAINST HEALTH CARE PROVIDER TO $500,000.00 ( HELD CONSTITUTIONAL IN **OLIVER V. MAGNOLIA CLINIC 85 SO 3D 39(LA2012)** . LA C.C.P.ART 3608 DAMAGES FOR THE WRONGFUL ISSUANCE OF TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION , THE COURT MAY ALLOW DAMAGES FOR THE WRONGFUL ISSUANCE OF TEMPORARY RESTRAINING ORDER OR PRELIMUNARY [sic] ON A MOTION TO DISSOLVE OR ON RECONVENTIONAL DEMAND . **OUR LADY OF LOURDES HOSPITAL / ADMINISTRATION BREACHED A CONTRACT OF DURABLE POWER OF ATTORNEY** BETWEEN **EVELYN BERNARD** AND SON **TIMOTHY BERNARD SR.ALSO ART 3890 OF LA RS./ CONFLICTS WITH GENERAL MANDATE RIGHTS LA C.C. ART 2994 A PRINCIPLE** [sic] **MAY CONFER GENERAL AUTHORITY UPON THE MANDATORY** [sic] **TO CARRY OUT ALL ACTS APPROPRIATE UNDER THE CIIRCUMSTANCES** [sic] **TO PROTECT THE PRINCIPLE,** [sic] **DPOA** GRANTED **TIMOTHY BERNARD** ALL RIGHTS TO MAKE DECISIONS ON BEHALF OF HIS MOM , WHOM SHE TRUSTED , HER ONLY SON , IN THE EVENT THAT SHE BECOMES MENTALLY INCAPACITATED . **PAULA JENKINS** ACTS OF CONDUCT BREACHED THE **DPOA** , CAUSED PAIN

13

AND SUFFERING TO **TIMOTHY BERNRAD** [sic] , DEATH OF PARENT , EMOTIONAL DISTRESS BEING STRIPPED OF RIGHTS AND TAKEN AWAY FROM HIS MOMS BEDSIDE , MOM DIED AND HE UNABLE TO BE WITH HER UPON HER DEATH . **TIMOTHY** WAS TAKEN OFF HOSPITAL GROUNDS BY FORCE OF SHERIFF'S DEPARTMENT. SHERIFF DEPARTMENT FAILED TO FOLLOW PROPER PROCEDURES AND COURT ORDER PLACED UNDER SEAL . **OLOLH** VIOLATED RIGHTS LA C.C.3492 , FRAUD , SLANDER , PROFESSIONAL MALPRACTICE , INJURY TO PERSON AND WRONGFUL DEATH LA.R.S.40;1299 41(a)(13)(22)... MALPRACTICE ANY INTENTIONAL TORT OR ANY BREACH OF CONTRACT BASED ON HEALTH CARE OR PROFESSIONAL SERVICES RENDERED , OR SHOULD HAVE BEEN RENDERED . **TORT** ANY BREACH OF DUTY OR ANY NEGLIGENT ACT OR OMISSION CAUSING INJURY OR DAMAGES TO ANOTHER .

As stated, the issue of the restraining order was dismissed with prejudice in the August 5, 2015 judgment and was not appealed; and the medical malpractice claim was dismissed without prejudice as premature since Mr. Bernard did not first seek a medical panel review. In his amended pleading above, Mr. Bernard asserted no new facts that would give rise to a breach of contract claim against Lourdes as ordered by the court in its August 5, 2015 judgment. Rather, he continued to assert the conclusory allegation that Lourdes breached a contract of durable power of attorney between Evelyn and Mr. Bernard. His allegation works against him because he admits that the power of attorney was between himself and his mother. The argument in the exceptions of Lourdes was that Lourdes was not a party to the power of attorney and therefore had no obligation under the "contract" between Mr. Bernard and his mother. *See Favrot v. Favrot*, 10-986 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, *writ denied*, 11-636 (La. 5/6/11), 62 So.3d 127.

The above pleading contains no facts to support a cause of action against Lourdes for breach of contract, and the other reiterated claims in the

14

pleading were appropriately dismissed previously and are not part of this appeal. Further, Louisiana employs fact pleading; neither a recital of the evidence nor a litany of inapplicable statutes can substitute for facts supporting a breach of contract claim, or any other claim.[6]

Here, the trial court complied with La.Code Civ.P. art. 934 when it granted Lourdes's peremptory exception of no cause of action in 2015 but allowed Mr. Bernard to amend his pleadings by a certain date. Mr. Bernard's amended pleading did not state a cause of action against Lourdes for breach of contract, and, pursuant to La.Code Civ.P. art. 934, the cause of action was dismissed. We affirm the trial court's February 19, 2016 judgment granting the reasserted exceptions of no cause of action and vagueness and dismissing Mr. Bernard's breach of contract claim against Lourdes with prejudice.

### Claims Against LCG, LUS, and LPD

In the January 25, 2016 hearing, the trial court again granted the re-asserted dilatory exceptions of vagueness and nonconformity of the petition filed by LCG and its agency LUS, and it ordered the removal of the LPD as a defendant based upon having previously granted the dilatory exception of lack of procedural

---

[6] Louisiana Civil Code Article 3492 merely provides that delictual actions have a prescription period of one year. Louisiana Code of Criminal Procedure Article 3608 allows damages for wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand, but that claim was dismissed with prejudice by judgment dated August 5, 2015, and is not part of this appeal. Louisiana Revised Statutes 40:1299 was redesignated as 40:1081.1, et seq., and pertains to genetic diseases in newborns; R.S. 40:1299.41 and .42 were redesignated as 40:1231.1, et seq., and pertain to medical malpractice. Louisiana Civil Code Article 2994 provides that "[t]he principal may confer on the mandatary general authority to do whatever is appropriate under the circumstances." However, Lourdes was not the principal or the mandatary. Article 3890 does not exist and therefore does not conflict with Article 2994. 42 U.S.C. 1985 covers conspiracy to interfere with civil rights, but it has nothing to do with breach of a contract to which Lourdes was not a party; there is nothing alleged to support a conspiracy; and there are no racial or class-based discriminatory acts alleged, as required to prove conspiracy. *Ascani v. Hughes*, 522 So.2d 1259 (La.App. 4 Cir. 1988).

capacity of the LPD. The exceptions were first granted in a judgment dated May 26, 2015, at which time the plaintiffs were ordered to amend their original petition to assert facts that clarified the claims against LCG and LUS.

The amended petition reiterates previous claims in the same confusing manner without adding facts that would support a claim against the defendants. It accuses LUS of abandoning its "infrastructure" on the one hand, then when LUS returned to fix the problem, Mr. Bernard accuses it of not showing him a work order. He accuses the LPD of not providing an arrest warrant, but the LPD did not go there to arrest anyone. This is a civil matter. The arrest occurred after the family interfered with LUS and its equipment, and there was apparently a battery on an officer, criminal mischief, and resisting arrest. The amended pleading inappropriately discusses usufruct and naked ownership provisions that have nothing to do with the case. The amended pleading also states:

> **LUS** VIOLATED THEIR BREACH OF CONTRACT DUTY TO , ACT OF DEDICATION TO LOTS 6 AND 23, 1224 CARMEL DRIVE WHICH **LUS** AND **STATE** ACQUIRED THROUGH THE ACQUISITION OF L O PECKS DEDICATION # **196371** OF THE RECORDS OF LAFAYETTE PARISH TO CITY AND ANNEXATION TO IMMOVABLE AND PREEXISITING [sic] INFRASTRUCTURE CONNECTED WITH AND BELONGING TO IMMOVABLE. **LUS** HAS RESERVED PORTIONS OF THE IMMOVABLE LOT 6 AND 23 AS A PUBLIC NECESSITY AND AS PURSUING THE ACQUISTION [sic] OF SERVITUDES. LA C.C ART 1906 - PROVIDES THAT A CONTRACT IS AN AGREEMENT BY TWO OR MORE PARTIES WHEREBY OBLIGATIONS ARE CREATED, MODIFIED , OR EXTINGUISHED TO . WHAT KIND OF SYSTEM BLEW IN YARD? WAS IT JUST WATER? VIDEO FOOTAGE PROVES THAT IT WAS MORE THAN JUST WATER THAT BLEW IN THE SYSTEM ... **LUS** EXPLAIN…?

16

The amended pleading does nothing to clarify Mr. Bernard's cause of action but appears to pick up terminology from the documents in the record, which we have tried to explain throughout this opinion. To an exaggerated and unacceptable extent, Mr. Bernard uses terms of art from legal statutes that bear no relationship to the claims he is making. We find no manifest error on the part of the trial court in granting the exceptions of the defendants for vagueness and nonconformity with La.Code Civ.P. art. 891 which calls for concise statements of fact. We further find no manifest error in the trial court's dismissal of the suit as dismissal is proper under La.Code Civ.P. art. 933(B). Further, as we understand it, LPD was dismissed as not being a separate juridical entity with the capacity to sue or be sued. *See* La.Civ.Code art. 24; *Dugas v. City of Breaux Bridge Police Dep't*, 99-1320 (La.App. 3 Cir. 2/2/00), 757 So.2d 741, *writ denied*, 00-671 (La. 4/20/00), 760 So.2d 1159; *City Council of City of Lafayette v. Bowen*, 94-584 (La.App. 3 Cir. 11/2/94), 649 So.2d 611, *writ denied*, 94-2940 (La. 1/27/95), 650 So.2d 244. Rather, LPD is a governmental entity of LCG, and LCG is the proper party in interest to answer suits.

### *Mr. Bernard's Request for a Trial Date*

Mr. Bernard filed a motion to fix the case for trial which was denied. He then filed a one-paragraph pleading purporting to be a motion for summary judgment on the issues of the trial date and the exceptions. At the January 25, 2016 hearing, the trial court denied the motion and included the denial in its February 19, 2016 judgment. The pleading does not comply with La.Code Civ.P. art. 966 or the rules governing such motions. It refers to no evidence, lists no elements for any cause of action, makes no arguments on the merits of any

17

identifiable cause action, and does not list disputed or undisputed facts. Notwithstanding, the trial court addressed the request at the hearing, indicating that the matter was nowhere near being ready for trial. We agree. There has been no discovery, and, at this juncture, no clear cause of action has been stated that is ripe for trial.

## V.

## <u>CONCLUSION</u>

Based upon the foregoing, the trial court's judgment of January 25, 2016, granting DHH's declinatory exceptions of insufficiency of citation and service of process and dismissing DHH without prejudice, is affirmed. Additionally, the trial court's interlocutory judgment granting the dilatory exceptions of vagueness and nonconformity of the petition, and ordering the removal of LPD as a named defendant for lack of procedural capacity, is affirmed, without prejudice, in favor of LCG and LUS. Likewise, the trial court's judgment of February 19, 2016, granting the reasserted exceptions of no cause of action and prematurity and vagueness of Lourdes and dismissing Mr. Bernard's claim for breach of contract against Lourdes, with prejudice, is affirmed. Finally, the denial of Mr. Bernard's request for a trial date is affirmed. Costs of this appeal are assessed to the plaintiff, Timothy Bernard, Sr.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.

18